Janine Charboneau McINNIS, D.V.M., Appellant

v.

Michael MALLIA, J.D., The Mallia Law Firm, P.C., Tommy Hastings, J.D., Appellees.

No. 14–06–00354–CV.

Court of Appeals of Texas, Houston (14th Dist.).

June 17, 2008.

Heather Elizabeth Morrow, Houston, TX, for appellants.

Andrew E. Rubenstein, Houston, TX, for appellees.

Panel consists of Justices FOWLER, FROST, and SEYMORE (FROST, J., corrected majority).

## CORRECTED MAJORITY OPINION

KEM THOMPSON FROST, Justice.

This court withdraws its majority opinion issued June 10, 2008 because of a typographical error and issues this corrected majority opinion in its place.

In this legal-malpractice case, appellant, a law firm's former client, challenges a no-evidence summary judgment in favor of the law firm and the lawyers that represented her in prior medical-malpractice litigation, alleging, among other things, inadequate time for discovery. We conclude that the trial court abused its discretion in determining that an adequate time for discovery had passed and therefore the trial court erred in granting the no-evidence summary judgment. We reverse and remand.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In pursuing her medical-malpractice claim, appellant Janine Charboneau McInnis sought legal representation from appellees Michael Mallia, J.D., The Mallia Law Firm, P.C., and Tommy Hastings, J.D. (Appellees are referred to collectively as the "Law Firm" and individually as "Mallia," "the Mallia Law Firm," and "Hastings"). In the ensuing medical-malprac-

tice suit, McInnis alleged claims against a surgeon and the professional corporation to which the surgeon belonged, seeking to recover damages she allegedly suffered as a result of complications following a surgical procedure. In its representation of McInnis, the Law Firm agreed to non-suit the surgeon's professional corporation, leaving only the surgeon as a party defendant in the suit. After a trial on the merits, a jury returned a verdict in favor of the surgeon.

Following her unsuccessful medical-malpractice suit, on May 23, 2005, McInnis, as a *pro se* plaintiff, filed a legal-malpractice suit against the Law Firm alleging that her loss in the underlying medical-malpractice suit was attributable to the Law Firm's negligence and breaches of fiduciary duty in handling her claims. According to McInnis's petition in the legal-malpractice suit, the Law Firm's decision to non-suit the surgeon's professional corporation, a party that allegedly was jointly and severally liable for McInnis's damages, gave rise to her legal-malpractice claims.

Under Texas Rule of Civil Procedure 190.4 (level 3) the trial court issued a docket control order for the legal-malpractice suit, setting the following deadlines:

| | |
|---|---|
| October 3, 2005 | Deadline to join additional parties |
| March 23, 2006 | Deadline for parties seeking affirmative relief to designate experts |
| April 24, 2006 | Deadline to designate all other experts |
| June 23, 2006 | End of discovery period |
| June 23, 2006 | Deadline for challenges to expert testimony |
| June 23, 2006 | Deadline to amend pleadings |
| July 23, 2006 | Trial setting |

As part of the discovery process and during the period designated for discovery, McInnis served requests for production and interrogatories on Mallia and the Mallia Law Firm, as well as requests for disclosure.

Eight months before the end of the discovery period, on October 25, 2005, the Law Firm filed a no-evidence motion for summary judgment to be heard by submission without oral hearing on November 21, 2005. In the five-page motion, the Law Firm asserted that there already had been an adequate time for discovery. The Law Firm served McInnis with responses to her discovery requests on November 14, 2005, which is the same day McInnis's response to the no-evidence summary-judgment motion was due. McInnis claims to have filed a response to the Law Firm's no-evidence motion and a motion for continuance on that date.[1] In the motion for continuance, McInnis claimed she needed further discovery. To support her plea for additional time, McInnis explained that she needed to review over eighty boxes of records, and she also stated that she suffers from severe and chronic pain and problems in her legs. The trial court denied McInnis's motion for continuance and, on January 5, 2006, granted the Law Firm's motion for summary judgment. On appeal to this court McInnis challenges the trial court's summary judgment.[2]

## II. ISSUES AND ANALYSIS

In her first issue, McInnis claims, *inter alia*, that there was not an adequate amount of time for discovery. A party may move for a no-evidence summary judgment "[a]fter adequate time for discovery." TEX.R. CIV. P. 166a(i). Notably, the rule does not require that discovery must have been completed, but rather

---

1. The parties dispute whether McInnis timely filed a response to the Law Firm's no-evidence summary-judgment motion.

2. McInnis also raises two other issues: denial of McInnis's motion for new trial (issue 2), and failure to rule on McInnis's motion for sanctions (issue 3). For reasons explained below, we do not reach either.

that there was "adequate time." *In re Mohawk Rubber Co.*, 982 S.W.2d 494, 498 (Tex.App.-Texarkana 1998, orig. proceeding). The comment to rule 166a(i) provides, "A discovery period set by pre[-]trial order should be adequate opportunity for discovery unless there is a showing to the contrary, and *ordinarily a motion under paragraph (i) [a no-evidence motion] would be permitted after the period but not before.*" TEX.R. CIV. P. 166a(i) cmt. (emphasis added); *see Specialty Retailers, Inc. v. Fuqua*, 29 S.W.3d 140, 145 (Tex. App.-Houston [14th Dist.] 2000, pet. denied). Unlike other notes and comments in the rules of civil procedure, this comment was specifically intended to inform the construction and application of this rule. *See* TEX.R. CIV. P. 166a(i) cmt.; *Specialty Retailers, Inc.*, 29 S.W.3d at 145. Applying the plain language of the comment, a no-evidence summary judgment motion ordinarily is not permitted before the expiration of the discovery period set by the pre-trial order. Thus, our principal task is to determine if this record provides support for the trial court's consideration of a no-evidence summary-judgment motion more than seven months before the end of the discovery period. The pertinent date for this inquiry is the final date on which the no-evidence motion is presented to the trial court for ruling, which in this case was November 21, 2005. On this date, the lawsuit had been on file for six months, and less than half of the discovery period had expired.[3] In resolving

---

3. Our dissenting colleague focuses on the date on which the trial court granted summary-judgment; however, the time between final submission of the motion to the court and the court's ruling on the motion cannot be counted as part of the adequate time for discovery. *See Brewer & Pritchard, P.C. v. Johnson*, 167 S.W.3d 460, 467 (Tex.App.-Houston [14th Dist.] 2005, pet. denied) (stating that a party may move for a no-evidence summary judg-

this issue, we must determine if the trial court's decision to treat this case as an exception to the ordinary rule constitutes an abuse of discretion.

■ In considering whether the trial court permitted an adequate time for discovery, we consider the following factors: (1) the nature of the case, (2) the nature of the evidence necessary to controvert the no-evidence motion, (3) the length of time the case was active, (4) the amount of time the no-evidence motion was on file, (5) whether the movant had requested stricter deadlines for discovery, (6) the amount of discovery that already had taken place, and (7) whether the discovery deadlines in place were specific or vague. *Brewer & Pritchard, P.C. v. Johnson,* 167 S.W.3d 460, 467 (Tex.App.-Houston [14th Dist.] 2005, pet. denied); *Specialty Retailers, Inc.,* 29 S.W.3d at 145. We review a trial court's determination that there has been an adequate time for discovery on a case-by-case basis, under an abuse-of-discretion standard. *Brewer & Pritchard, P.C.,* 167 S.W.3d at 467.

### The Nature of the Case and the Evidence Necessary to Defeat the Motion

■ McInnis has alleged negligence and breach of fiduciary duty against the Law Firm in its representation of her in the underlying medical-malpractice suit. Generally, to recover on a claim for legal malpractice, a plaintiff must prove (1) the attorney owed the plaintiff a duty; (2) the attorney breached the duty; (3) the breach proximately caused the plaintiff's injuries; and (4) damages occurred. *Peeler v. Hughes & Luce,* 909 S.W.2d 494, 496 (Tex. 1995); *Cosgrove v. Grimes,* 774 S.W.2d 662, 665 (Tex.1989). Thus, to maintain a legal-malpractice action that arises from

ment only after adequate time for discovery).

prior litigation, McInnis must prove a "suit within a suit" by demonstrating that "but for" the Law Firm's negligence, she would have prevailed on the underlying medical-malpractice suit and would have been entitled to judgment. *See Schlager v. Clements,* 939 S.W.2d 183, 186 (Tex.App.-Houston [14th Dist.] 1996, writ denied). A plaintiff in a legal-malpractice suit is required to present expert testimony regarding the standard of skill and care ordinarily exercised by an attorney. *See Ersek v. Davis & Davis, P.C.,* 69 S.W.3d 268, 271 (Tex.App.-Austin 2002, pet. denied). Because of these requirements, a legal-malpractice suit is considered complex litigation.

In this case, the trial court entered a docket control order that set forth various pre-trial deadlines. The parties were not required to designate expert witnesses until March 23, 2006, a deadline that would not have run until five months after the Law Firm filed its motion for summary judgment. Generally, the more complex the case, the more time a trial court will allocate for discovery. Both parties have acknowledged the complexity of the case under review, with the Law Firm referring to the legal-malpractice action as a "suit-within-a-suit." *See Schlager,* 939 S.W.2d at 186. In her motion for a continuance, McInnis pointed to various factors contributing to the complexity of the case, including her medical condition and her need to review over sixty boxes of material from the underlying medical-malpractice case, as well as more than twenty other boxes of records pertinent to the current action. McInnis also indicated a need to serve the Law Firm with additional requests for disclosure as to Mallia and the Mallia Law Firm as well as requests for admissions and interrogatories as to Mallia.

Therefore, the key date is November 21, 2005.

■ To have defeated a no-evidence motion for summary judgment, McInnis would have to have pointed out to the trial court summary-judgment evidence of probative force to raise a genuine issue of fact as to the essential elements attacked in the no-evidence motion. *See Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 206–08 (Tex.2002). Generally, a trial court may presume that plaintiffs have investigated their cases prior to filing suit. *See Carter v. MacFadyen*, 93 S.W.3d 307, 311 (Tex.App.-Houston [14th Dist.] 2002, pet. denied). Though this may be true especially in regard to health-care-liability claims, which carry a requirement that within six months the claimant file an expert report establishing standard of care, negligence, and causation, this case is a "suit-within-a-suit." *See id.; see also Schlager*, 939 S.W.2d at 186–87 (referring to "suit within a suit" proof). For this "suit within a suit," even though McInnis may be presumed to have investigated her underlying medical-malpractice case, for her legal-malpractice suit against the Law Firm, the evidence necessary to controvert the Law Firm's no-evidence motion requires a scintilla of probative evidence to raise a question of material fact on the elements challenged by the Law Firm. *See Restaurant Teams Int'l, Inc.*, 95 S.W.3d at 339. In its motion for summary judgment, the Law Firm specifically alleged that McInnis had no evidence that she would have prevailed on the underlying medical-malpractice claim, nor that she would have been entitled to judgment but for the Law Firm's negligence, and finally, that no evidence suggests the Law Firm's actions constituted a breach of fiduciary duty. The Law Firm, however, did not serve McInnis with answers to the requests for admissions until after the Law Firm filed the no-evidence motion. After receiving the Law Firm's responses, McInnis alleged that the Law Firm had withheld an answer

regarding duty for one of her requests, which is what she claims prompted her motion for continuance to further discovery.

Given the complex nature of the legal claims asserted, the factual complexity of the case, and the type of evidence necessary to defeat the Law Firm's no-evidence motion, McInnis adequately demonstrated a legitimate need for additional discovery.

### Length of Time the Case Was Active and the No–Evidence Motion Was on File

The legal-malpractice suit had been on file for five months when the Law Firm moved for summary judgment, and the motion had been on file for approximately two months before the trial court granted it in favor of the Law Firm. Under the trial court's docket control order, approximately eight months remained in the period designated for discovery when the Law Firm filed its motion; less than half of the time the trial court allotted for discovery at the commencement of the case had expired. Likewise, at the time the Law Firm filed its no-evidence motion, the date by which to designate expert witnesses would not run until March 23, 2006, a date that was then five months in the future.

■ Under Rule 166a(i), there is no specific minimum amount of time that a case must be pending before a trial court may entertain a no-evidence summary-judgment motion; rather, the rule requires an "adequate time for discovery." *See* TEX.R. CIV. P. 166a(i); *Specialty Retailers, Inc.* 29 S.W.3d at 145. The amount of time necessary to constitute an "adequate time" depends on the facts and circumstances of each case. *See, e.g., Restaurant Teams Int'l, Inc.*, 95 S.W.3d at 340; *McClure v. Attebury*, 20 S.W.3d 722, 729 (Tex.App.-Amarillo 1999, no pet.) (find-

ing that adequate time had passed when a case was pending for seven months). The time allocated for discovery in the docket control order is a strong indicator of adequate time, though the deadline for discovery is not a conclusive measure of "adequate time." *See Carter,* 93 S.W.3d at 311. Depending on the facts of the case, the time allocated for discovery may be more than is necessary and, thus, an adequate time may be less than the amount the trial court allocated. Likewise, circumstances might arise after the entry of the docket control order that would render the time initially allocated for discovery inadequate. Ordinarily, however, the deadline specified in the docket control order is the best indicator.

The rule tells us that, ordinarily, "adequate time" may be gauged by the period designated in the pretrial order. This approach makes sense because the deadlines are typically set at the onset of the case based on information provided by the parties about the nature and complexity of the litigation. Litigants and lawyers need to be able to rely on the schedule in planning and pursuing discovery. Adherence to the deadlines in the docket control order holds the most promise for meeting the parties' legitimate expectations for discovery and for promoting a fair and orderly development of the evidence. In this case, the Law Firm did not identify, and the record does not suggest, any factors that would weigh against application of the ordinary rule.

Given the complexity of this "suit within a suit" and the fact-intensive response required, the minimal length of time the case and motion had been on file did not provide adequate time for discovery. *See Brewer & Pritchard, P.C.,* 167 S.W.3d at 468; *accord McClure,* 20 S.W.3d at 729; *see also Cmty. Initiatives, Inc. v. Chase Bank of Texas,* 153 S.W.3d 270, 278, 279

(Tex.App.-El Paso 2004, no pet.) (indicating that a fact-intensive response and a motion on file for roughly one to two months suggested adequate time for discovery had not passed).

### *Factors Involving Discovery*

The final factors for consideration are (1) whether the deadlines were specific or vague, (2) whether the movant had requested stricter deadlines for discovery, and (3) how much discovery already had taken place.

The trial court's docket control order specified that discovery was to take place through June 23, 2006. The language of the docket control order is specific and unambiguous regarding the length of the discovery period. Thus, the discovery period in this case is not vague or uncertain, and this factor is neutral. *See Restaurant Teams Int'l, Inc.,* 95 S.W.3d at 341.

The record does not reflect that the Law Firm formally requested stricter deadlines for discovery. However, by seeking a no-evidence summary judgment eight months before the discovery deadline and less than halfway through the designated discovery period, the Law Firm implicitly requested the trial court to cut the discovery period short, and accordingly, impose stricter deadlines for discovery. *See id.; accord* TEX.R. CIV. P. 166a(i). This factor weighs in favor of McInnis. *See Restaurant Teams Int'l, Inc.,* 95 S.W.3d at 341.

As to how much discovery already had taken place, the record reflects McInnis had served the Law Firm with multiple written requests for discovery. *See id.* The Law Firm's responses were not returned to McInnis until after the Law Firm filed its motion for summary judgment. Furthermore, after the Law Firm served its responses, McInnis alleged that the Law Firm did not wholly answer all

requested admissions.[4] According to McInnis, the Law Firm had abused the discovery process by withholding information that she intended to use as summary-judgment evidence in her response to the Law Firm's motion. A party should not be able to abuse the discovery process by withholding key evidence from a party opponent and then use that lack of evidence to win a judgment. *See Specialty Retailers, Inc.,* 29 S.W.3d at 145 (providing that if a nonmovant established abuse of the discovery process, the nonmovant may likely establish that there was not an adequate time for discovery); *Tempay, Inc. v. TNT Concrete & Constr., Inc.,* 37 S.W.3d 517, 522–23 (Tex.App.-Austin 2001, pet. denied) (holding that the trial court abused its discretion in determining that adequate time for discovery had passed because movant successfully resisted nonmovant's attempts to obtain discovery); *see also* Robert W. Clore, *Texas Rule of Civil Procedure 166a(i): A New Weapon for Texas Defendants,* 29 St. Mary's L.J. 813, 843 (1998) (providing that a nonmovant "who could show the defendant delayed discovery by failing to answer the plaintiff's interrogatories would likely be entitled to further discovery"). McInnis levied more than an accusation that the Law Firm abused the discovery process; the record reflects McInnis filed a motion for sanctions against the Law Firm based on her allegations of the Law Firm's discovery abuse.[5] *See Specialty Retailers, Inc.,* 29 S.W.3d at 145–46 (indicating that upon a showing of discovery abuse, beyond mere accusation, "it would likely be enough to establish that there was not an adequate time for discovery"). *Cf. Green v. Quality Dialysis One, L.P.,* No. 14-05-01247, 2007 WL 2239295, at *3 (Tex.App.-Houston [14th Dist.] Aug. 7, 2007, no pet.) (noting how the record contained no information that nonmovant made additional efforts to obtain discovery when movant allegedly provided inadequate discovery responses). In light of how much discovery McInnis already had conducted, how much more discovery she needed, and the fact that the Law Firm allegedly withheld information in discovery, this factor weighs in favor of McInnis in permitting further time for discovery. *See Tempay, Inc.,* 37 S.W.3d at 522–23; *Specialty Retailers, Inc.,* 29 S.W.3d at 145; *see also Community Initiatives, Inc.,* 153 S.W.3d at 278, 279 (considering diligence in obtaining discovery depositions in determining whether there had been adequate time for discovery).

4. McInnis claims that the Law Firm neither admitted nor denied one question in her request for admissions regarding a breach of duty. Additionally, McInnis states that the Law Firm responded to one request for admission with a comment that it "will supplement." McInnis alleges that because the Law Firm resisted discovery, she was unable to use the Law Firm's responses in her original summary judgment response purportedly filed on November 14, 2005, which is why she requested a continuance in the case for further discovery.

5. The record reflects that McInnis filed this motion for sanctions shortly after the trial court granted summary judgment. Although the record contains no notice of hearing or other direct evidence that the motion for sanctions was set for hearing, McInnis stated in her motion for new trial and at the hearing on that motion that her sanctions motion was set for hearing on February 6, 2006. In her third issue, McInnis asserts that the trial court erred by failing to rule on this motion. However, our record contains no information regarding any hearing on February 6, 2006. At the hearing on her motion for new trial, McInnis did not state that the trial court had refused to hear her motion on February 6, 2006. Even presuming that this motion was set for hearing on February 6, 2006, our record is silent as to what occurred at that time. On this record, we cannot say the trial court reversibly erred by failing to rule on McInnis's motion for sanction. Accordingly, we overrule her third issue.

## III. CONCLUSION

We conclude the trial court abused its discretion in implicitly finding that this case fell outside the ordinary rule, as set forth in the comment to rule 166a(i), and in allowing a no-evidence motion more than five months before the expiration of the discovery period set forth in the docket control order. *See Brewer & Pritchard, P.C.*, 167 S.W.3d at 468. Ordinarily, a no-evidence motion is permitted after but not before the discovery period set by the pretrial order. *See Specialty Retailers, Inc.*, 29 S.W.3d at 145. The trial court permitted a no-evidence motion less than halfway through this period with no showing in the record to justify deviation from the general rule. Under the particular circumstances of this complex case, McInnis was not provided an adequate opportunity to conduct discovery. *See id.* For this reason, the trial court should not have granted the Law Firm's no-evidence motion for summary judgment. *See id.; Tempay, Inc.*, 37 S.W.3d at 523. To this extent, we sustain McInnis's first issue.[6]

The judgment of the trial court is reversed and this case is remanded for proceedings consistent with this opinion.

SEYMORE, J., dissenting.

CHARLES W. SEYMORE, Justice, dissenting.

A party may file a no-evidence summary judgment "[a]fter adequate time for discovery." Tex.R. Civ. P. 166a(i). However, there is no requirement that discovery be completed; the requirement is an adequate amount of time. *Specialty Retailers, Inc. v. Fuqua*, 29 S.W.3d 140, 145 (Tex.App.-Houston [14th Dist.] 2000, pet. denied). Whether a nonmovant had ade-

quate time for discovery under rule 166(a)(i) is case specific, and there is no bright line test to determine whether an adequate time for discovery has passed. *See Rest. Teams Int'l, Inc. v. MG Sec. Corp.*, 95 S.W.3d 336, 339 (Tex.App.-Dallas 2002, no pet.). Rather, we consider a number of factors to determine whether a trial court allowed adequate time for discovery. *See Specialty Retailers*, 29 S.W.3d at 145.

Although some factors in this case indicate there may have been inadequate time for discovery, I conclude the trial court acted within its discretion by finding McInnis had an adequate time for discovery. Trial courts may presume a plaintiff investigated his own case prior to filing suit. *See Carter v. MacFadyen*, 93 S.W.3d 307, 311 (Tex.App.-Houston [14th Dist.], pet. denied). Here, McInnis filed suit on May 23, 2005, and the lawsuit had been on file for seven months before the court ruled on the motion for summary judgment.

A trial court commits an abuse of discretion *only* when it acts in an arbitrary or unreasonable manner or acts without reference to any guiding rules or principles. *Garcia v. Martinez*, 988 S.W.2d 219, 222 (Tex.1999). After reviewing the record, I cannot conclude the trial court acted in either an arbitrary or unreasonable manner or acted without reference to guiding rules or principles. Accordingly, I respectfully dissent.

---

**6.** Having sustained this part of McInnis's first issue, we need not reach the remainder of her first issue or her second issue.