Reversed and Remanded and Memorandum Opinion filed April 15,
2010.

 

In
The

Fourteenth
Court of Appeals



NO. 14-08-00997-CV



Guillermo
Gutierrez, Appellant 

v.

Vermeer
Manufacturing Company, Appellee 



On Appeal from
the 234th District Court

Harris County, Texas

Trial Court
Cause No. 2005-06777



 

MEMORANDUM OPINION 

In this personal injury case, appellant Guillermo
Gutierrez asserts that the trial court (a) abused its discretion by allowing
his trial counsel to withdraw without giving him an opportunity to respond and
(b) erred by granting Vermeer Manufacturing Company’s no-evidence
summary-judgment motion.  Because we agree that the trial court erred in
granting summary judgment, we reverse and remand.

Background

            In October 2004,
Gutierrez sustained on-the-job injuries that resulted in the amputation of his
lower left leg and surgical intervention to preserve his lower right leg.  In
January 2005, he sued Vermeer Manufacturing Company (“Vermeer),[1] the
manufacturer of the ground boring equipment, a horizontal directional drill,
that severely injured him.  He alleged:

At the time of the occurrence made the basis of this suit,
Mr. Gutierrez was standing approximately five-to-ten (5-10) feet from the exit
pit—out of which the connected drilling pipes of the system extended and on the
end of which was a device called a “reamer.”  Almost immediately when the
boring drill pipeline started revolving, the reamer end gyrated wildly in such
a manner that it jumped out of the exit pit and traumatically amputated Mr.
Gutierrez’s left leg at the knee and severely mangled his right leg.

Gutierrez’s products
liability causes of action included claims sounding in strict liability,
negligence and gross negligence, breach of the duty to warn, breach of
warranty, breach of implied warranty of fitness for a particular purpose, and
breach of implied warranty of merchantability.  Vermeer responded with a
general denial and numerous affirmative defenses.  Discovery commenced, and
numerous depositions were taken.

On November 1, 2007, during the pendency of the
present civil case, Gutierrez was adjudicated guilty of a criminal offense and
sentenced to fifteen years’ incarceration.  His counsel subsequently moved to
withdraw, stating that good cause existed for withdrawal because Gutierrez had
been incarcerated for a fifteen year sentence.  The motion listed the following
pending settings and deadlines:  (1) a deposition of Samuel Brown scheduled for
February 4, 2008, and (2) a trial setting of March 2008.  The trial court
granted the motion on February 11, 2008, and reset the trial date to June 2008
to allow Gutierrez time to find new counsel.  Gutierrez, pro se, filed a motion
for continuance in May because he needed more time for discovery and had not
yet retained counsel; on June 11, 2008, the trial court granted the motion and
reset the case for trial on December 8, 2008.[2]

Twenty-nine days later, on July 10, 2008, Vermeer
filed a no-evidence motion for summary judgment, detailing the elements of each
of Gutierrez’s claims and alleging that Gutierrez had no expert witness and
therefore there was no evidence of certain elements of the claims.  Gutierrez
responded, pro se, by asserting that he had not had adequate time to retain an
attorney and conduct needed discovery, and therefore could not present the
necessary evidence. The trial court granted Vermeer’s no-evidence motion and
signed a final judgment dismissing all of Gutierrez’s claims.  This appeal
timely ensued.

Analysis

In his second issue, Gutierrez asserts that the trial
court erred in granting Vermeer’s no-evidence motion for summary judgment.  In
a no-evidence motion for summary judgment, the movant must specifically state
the element(s) as to which there is no evidence.  Tex. R. Civ. P. 166a(i).  The burden then shifts to the
nonmovant to produce evidence that raises a fact issue on the challenged
element(s).  Tex. R. Civ. P.
166a(i).  

A no-evidence motion for summary judgment may be made
after the non-movant has had “adequate time for discovery.”  Tex. R. Civ. P. 166a(i).  Rule
166a(i) does not require that discovery must have been completed, but only that
there was “adequate time.”  Tex. R. Civ.
P. 166a(i); Specialty Retailers, Inc. v. Fuqua, 29 S.W.3d 140,
145 (Tex. App.—Houston [14th Dist.] 2000, pet. denied).  If a party
claims he did not have adequate time for discovery, he must file either an
affidavit explaining the need for further discovery or a verified motion for
continuance.[3]
 Tenneco, Inc. v. Enterprise Prods. Co., 925 S.W.2d 640, 647 (Tex. 1996). 
When determining if a nonmovant has had an adequate time for discovery,
courts consider such factors as the nature of the cause of action, the type of
evidence necessary to controvert the no-evidence motion, the length of time the
case has been on file with the court, the length of time the no-evidence motion
has been on file, the amount of discovery that has already taken place, the
discovery deadlines in place in the case, and whether the movant has requested
stricter time deadlines for discovery.  See Specialty Retailers, 29 S.W.3d
at 145.  We review a trial court’s determination that there has been an
adequate time for discovery for an abuse of discretion.  Id.  

This personal-injury lawsuit involved claims sounding
in strict products liability, negligence, and gross negligence, as well as
claims for breach of (a) a continuing duty to warn, (b) warranty, (c) an
implied warranty of fitness for a particular purpose, and (d) an implied
warranty of merchantability.  These claims all require a showing of proximate
or producing cause.[4]
 Vermeer’s no-evidence motion challenged the elements of causation, as well as
the elements of duty and breach.  To overcome the no-evidence motion filed by
Vermeer, Gutierrez would have needed to come forth with more than a scintilla
of evidence of the challenged elements.  See Kiesel, 245 S.W.3d at 99.  Gutierrez
would have needed to offer some evidence that Vermeer’s conduct or product was
a substantial factor in bringing about his injuries.  See id.  Vermeer’s
motion asserted that Gutierrez needed “competent, admissible expert testimony .
. . and he has no such proof.”

As evidence that he had not had adequate time to
complete discovery, Gutierrez attached to his summary-judgment response a copy
of the motion for continuance he filed in May 2008.  In the motion for
continuance, Gutierrez stated he needed “additional time to complete discovery
and to complete depositions prior to trial.”  In addition to seeking additional
time for discovery, Gutierrez stated in this motion,

Plaintiff is currently incarcerated and a layman of the
law.  He also suffers from extreme depression, which prevents him from being
able to proceed on his own pro se, unassisted. . . .  Plaintiff’s
mental condition is well documented and supported by a finding recently made by
the Social Security Administration finding him totally disabled, partially
based upon his mental status. . . .  Plaintiff’s family has been diligently
assisting him in trying to obtain replacement counsel for him, to date to no
avail.  The complexity of the instant ligatable [sic] issues and his
incarceration has created extraordinary circumstances requiring Plaintiff to
request additional time from the Court in which to obtain counsel. . . .

The reason for the continuance is that Plaintiff’s attorney
of record was allowed to withdraw on February 11, 2008, by leave of the court. 
Mr. Gutierrez is currently incarcerated in TDCJ for a term of fifteen years and
is mentally incapable of proceeding pro se due to major depression.  Plaintiff
and Plaintiff’s family is diligently attempting to procure substitute counsel.
. .  This case involves complex questions of product design and development
[and] Plaintiff needs time to substitute counsel.

In response to this unopposed
motion, the trial court reset the trial date to December 2008.  In July 2008,
only twenty-nine days after this continuance was granted, Vermeer filed its
no-evidence motion for summary judgment.  In his response to this motion,
Gutierrez additionally stated:

Plaintiff began searching for substitute counsel and
requested his case file from his former attorney.  The same responded by having
fourteen (14) boxes of material which encompassed his case file delivered to
the Polunsky Unit of TDCJ.  Prison authorities were overwhelmed by the volume
of the material delivered and forced plaintiff to send the material home,
without any opportunity to review the contents first.  This placed him in an
extreme disadvantage to be ready for trial.

On appeal, Gutierrez asserts that he has not had
adequate time to “marshall the necessary summary judgement [sic] evidence
needed. . . .”  Given Gutierrez’s circumstances, the complicated nature of
Gutierrez’s claims, the complex facts of the case, and the type of evidence
necessary to defeat the no-evidence motion, Gutierrez established a legitimate
need for further time for discovery.  See McInnis v. Mallia, 261 S.W.3d
197, 202 (Tex. App.—Houston [14th Dist.] no pet).  

            In sum, Gutierrez
established through sworn pleadings that he needed more time for discovery and
to find an attorney to represent him in pursuing his legal remedies for his
devastating injury.  Although this case had been on file for a significant
amount of time, it involves both legally and factually complicated causes of
action.  The record is clear that at the time Gutierrez’s attorney withdrew in
February 2008, more discovery was contemplated and needed.  Gutierrez
established good cause for his failure to retain an attorney and obtain expert
testimony by July 2008 when the no-evidence motion for summary judgment was
filed.  The motion for summary judgment was filed only twenty-nine days after
Gutierrez successfully obtained a trial continuance based on his need for more
time to find an attorney and complete discovery.  Vermeer never asked for
stricter discovery deadlines.  Considering the factors enumerated above, we
conclude that the trial court abused its discretion in concluding that an
adequate time for discovery had passed.  See id.; see also Brewer
& Pritchard, P.C. v. Johnson, 167 S.W.3d 460, 467–68 (Tex. App.—Houston
[14th Dist.] 2005, pet. denied).  We sustain Gutierrez’s second issue.  

Conclusion

            Having sustained
Gutierrez’s second issue, we need not consider his first issue.  We reverse the
trial court’s judgment and remand for further proceedings consistent with this
opinion.








 

 

                                                                                    

                                                                        /s/        Margaret
Garner Mirabal

                                                                                    Justice

 

Panel consists of Chief Justice Hedges,
Justice Anderson, and Senior Justice Mirabal.*









[1]
Gutierrez brought suit against (1) his employer, MICA Corporation, (2) Vermeer
Equipment of Texas, Inc., and (3) Vermeer Manufacturing Company.  The only
defendant/appellee in this appeal is Vermeer Manufacturing Company.





[2]
We note that the discovery deadline set in the trial court’s original (and
only) docket control order was September 28, 2007; however, discovery continued
after the deadline, and trial settings were reset a number of times.





[3]
Because appellant is an inmate and signed a proper verification form, we will
construe his response to Vermeer’s summary-judgment motion as an affidavit
explaining the need for further discovery.  See Tex. Civ. Prac. & Rem. Code Ann. § 132.001 (Vernon Supp.
2009) (permitting an inmate to use an unsworn declaration in lieu of a written
sworn declaration, verification, certification, oath, or affidavit required by
statute or rule).





[4]
See Kiesel v. Rentway, 245 S.W.3d 96, 99 (Tex. App.—Dallas 2008, pet.
dism’d).  





* Senior Justice Margaret Garner Mirabal
sitting by assignment.