**Opinion issued October 31, 2013**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-12-00954-CV

————————————

**REGINA THIBODEAUX, Appellant**

**V.**

**TOYS "R" US-DELAWARE, INC., Appellee**

---

On Appeal from the 269th District Court
Harris County, Texas
Trial Court Case No. 2011-41048

---

## MEMORANDUM OPINION

This is a personal-injury case.  Appellant Regina Thibodeaux appeals the trial court's no-evidence summary judgment in favor of appellee Toys "R" Us-Delaware, Inc.  We affirm.

# BACKGROUND

On July 11, 2011, Thibodeaux sued Toys "R" Us and other defendants (i.e., "unknown minor bike rider, and unknown parents of minor bike rider, and unknown guardian of minor bike rider") for negligence, alleging that she was injured when an unsupervised minor riding a bicycle in a Toys "R" Us store ran into her. The trial court entered a docket control order, requiring that amended pleadings be filed by August 17, 2012, and that discovery be completed by October 19, 2012. Trial was set for November 5, 2012.

On August 20, 2012, Toys "R" Us filed a no-evidence motion for summary judgment directed at Thibodeaux's negligence claim and set it for hearing on September 28, 2012. On September 21, 2012, Thibodeaux filed a summary-judgment response arguing that summary judgment was inappropriate before the expiration of the discovery period set by the docket-control order. She attached an affidavit stating,

> The discovery period as contained by the Docket Control Order issued by the Honorable Judge in the case on January 20, 2012 established a deadline to complete the discovery on October 19, 2012.

> I pray that the court would allow me to use the entire discovery period to take the deposition of the following persons: Amanda Mooty, Assistant Manager for Defendant and Alex Valera, Assistant Manager for Defendant who made the incident report. The testimony of these two individuals is necessary to establish the amount of care that the defendant owes to its invitees (customers) and the policies and procedures concerning the safety of its customers.

On September 24, 2012, four days before the summary-judgment hearing, Thibodeaux filed her First Amended Petition adding a claim for premises liability. Two days later, on September 26, Toys "R" Us filed a motion to strike that amended petition, arguing that it was filed after the docket-control deadline and that it amounted to a prejudicial surprise. On September 28, the trial court granted Toys "R" Us's motion for summary judgment, and ordered that Thibodeaux "take nothing on her negligence claim."

On October 8, Thibodeaux filed a Motion for Leave to File Amended Pleadings acknowledging that her September 24 filing of the First Amended Petition was untimely, but arguing that it did "not operate as a surprise to any other party." On October 10, the trial court signed an order granting Toys "R" Us's motion to strike Thibodeaux's amended petition, and denying Thibodeaux's motion for leave to file her amended petition.

On November 27, 2012, Thibodeaux nonsuited her claims against the remaining unnamed defendants, rendering the trial court's no-evidence summary judgment on her negligence claim against Toys "R" Us final and appealable.

## NO-EVIDENCE SUMMARY JUDGMENT

In her first two related points, Thibodeaux challenges the trial court's summary judgment. First, she argues that summary judgment was granted without

an adequate time for discovery. Alternatively, she argues that she responded to Toys "R" Us's motion with sufficient evidence to raise an issue of material fact.

## A.    Standard of Review

We review summary judgments de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). After an adequate time for discovery, the party without the burden of proof may move for a no-evidence summary judgment on the basis that there is no evidence to support an essential element of the non-moving party's claim. TEX. R. CIV. P. 166a(i); *see Hamilton v. Wilson*, 249 S.W.3d 425, 426 (Tex. 2008). Summary judgment must be granted unless the non-movant produces competent summary judgment evidence raising a genuine issue of material fact on the challenged elements. TEX. R. CIV. P. 166a(i); *Hamilton*, 249 S.W.3d at 426. A non-moving party is "not required to marshal its proof; its response need only point out evidence that raises a fact issue on the challenged elements." TEX. R. CIV. P. 166a (Notes & Comments 1997).

A no-evidence summary judgment motion is essentially a motion for a pretrial directed verdict. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 581–82 (Tex. 2006). Accordingly, we apply the same legal-sufficiency standard of review that we apply when reviewing a directed verdict. *City of Keller v. Wilson*, 168 S.W.3d 802, 823 (Tex. 2005). Applying that standard, a no-evidence point will be sustained when (1) there is a complete absence of evidence of a vital fact, (2) the

court is barred by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact, (3) the evidence offered to prove a vital fact is no more than a mere scintilla, or (4) the evidence conclusively establishes the opposite of a vital fact. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003); *see City of Keller*, 168 S.W.3d at 810.

## B.     Adequate Time for Discovery

When a party argues it has not had an adequate opportunity for discovery before a no evidence summary-judgment hearing, that party must file an affidavit explaining the need for further discovery or a verified motion for continuance. TEX. R. CIV. P. 166a(g), 251, 252; *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 161 (Tex. 2004). The affidavit must explain why the continuance is necessary; conclusory allegations are insufficient. *Carter v. MacFadyen*, 93 S.W.3d 307, 310 (Tex. App.—Houston [14th Dist.] 2002, pet. denied). We generally consider the following nonexclusive factors in determining whether the trial court abused its discretion: (1) the nature of the cause of action; (2) the nature of the evidence necessary to controvert the no-evidence motion; (3) the length of time the case has been active in the trial court; (4) the amount of time the no-evidence motion has been on file; (5) whether the movant has requested stricter time deadlines for discovery; (6) the amount of discovery that has already taken place; and (7) whether the discovery deadlines that are in place are specific or

vague. *Madison v. Williamson*, 241 S.W.3d 145, 155 (Tex. App.—Houston [1st Dist.] 2007, pet. denied); *see also Joe*, 145 S.W.3d at 161. When reviewing a trial court's order denying a motion for continuance, we consider whether the trial court committed a clear abuse of discretion on a case-by-case basis. *BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 800–01 (Tex. 2002). A trial court abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *Id.*

Thibodeaux points us to the comment to Rule 166a(i), which states that the "discovery period set by pretrial order should be adequate opportunity for discovery unless there is a showing to the contrary, and *ordinarily a motion under paragraph (i) would be permitted after the period but not before*." (emphasis added). And she cites *McInnis v. Mallia*, 261 S.W.3d 197, 200, 205 (Tex. App—Houston [14th Dist.] 2008, no pet.), a case characterizing the granting of a no-evidence motion for summary judgment before the expiration of the discovery period as "an exception to the ordinary rule," and holding that the trial court's granting such a motion in that case to be an abuse of discretion. Toys "R" Us responds that the propriety of a trial court's granting of a no-evidence motion during the discovery period rests upon the particular circumstances presented, and that it was within the trial court's discretion here. *E.g., Carter*, 93 S.W.3d at 311

6

(Tex. App.—Houston [14th Dist.] 2002, pet. denied) ("[W]e do not read the comment to prohibit an earlier motion in all cases.").

Applying the relevant considerations to the facts of this case, we conclude that the trial court did not abuse its discretion in granting Toys "R" Us's no-evidence motion for summary judgment before the expiration of the discovery period on October 19, 2012. Toys "R" Us's motion was set for submission, and granted, on September 28, 2012. At that point, the case had been on file for more than fourteenth months, since July 11, 2011. Thibodeaux does not dispute that she had the opportunity, but did not seek, any discovery during this fourteenth-month period. The subject matter of the suit—alleged personal injury as the result of a child running into Thibodeaux with a bicycle—is not complex. Thibodeaux's affidavit, submitted with her summary-judgment response, stated only that she needed "the entire discovery period" to depose two of Toys "R" Us's assistant managers to "establish the amount of care that the defendant owes to its invitees (customers) and the policy and procedures concerning the safety of its customers." She did not specify why or how these two particular people would be the relevant ones to supply this information; nor did she allege that she had been unable to obtain their deposition testimony during the previous year that the case was on file but she did not seek discovery.

*McInnis v. Mallia*, the case upon which Thibodeaux relies for the proposition that the trial court erred by granting summary judgment before the expiration of the discovery period, is distinguishable. In that case, the appellant McInnis sued appellee law firm for legal malpractice, complaining that its representation of her in a prior medical-malpractice case was deficient in several respects. *McInnis*, 261 S.W.3d at 199. The law firm filed a no-evidence motion for summary judgment well before the end of the discovery period, and served responses to McInnis's discovery requests on the day that her response to its no-evidence motion for summary judgment was due. McInnis filed a motion for continuance, explaining that she needed further discovery and that she needed to review over eighty boxes of discovery production. *Id*. at 200. The trial court denied the requested continuance and granted the no-evidence motion for summary judgment. *Id*. The court of appeals reversed, holding that the trial court's determination that an adequate time for discovery had passed amounted to an abuse of discretion. *Id*. at 203.

The *McInnis* court noted that McInnis exercised diligence in pursuing discovery, having already served the law firm with multiple written discovery requests before the law firm moved for summary judgment. *Id*. at 204. Moreover, the law firm's responses were not served on McInnis until after its no-evidence motion for summary-judgment was filed. *Id*. at 204. McInnis also specifically

alleged in her motion for continuance that the law firm had withheld from its responses evidence that she characterized as necessary to respond to its summary judgment motion. *Id.* Given all these facts, coupled with the complexity of the claims and the relatively short time the case had been on file, the *McInnis* court concluded that the trial court had abused its direction in granting the law firm's motion. *Id.*

This case presents none of the considerations that were relevant to the *McInnis* court. The facts here are more similar to cases in which the trial court's granting of a motion for summary judgment has been affirmed despite arguments that there was an inadequate time for discovery. For example, in *Stryker v. Broemer*, the appellant complained that the trial court should have granted her motion to continue a no-evidence summary-judgment hearing because the defendant's bankruptcy stay had deprived her of a portion of the discovery period. No. 01-09-00317-CV, 2010 WL 4484176, at *6–7 (Tex. App.—Houston [1st Dist.] Nov. 10, 2010, pet. denied) (mem. op.) We rejected that argument, in large part because her assertion was conclusory and she failed to address the factors relevant to determining whether a continuance was warranted:

> Stryker does not contend that the time during which the case was actively pending in the trial court was insufficient to conduct discovery. She does not argue that her case is complex, nor does she state the discovery she needed to obtain to controvert Broemer's no-evidence motion. Stryker does not state what discovery she had already conducted, nor does she state the additional discovery yet to

be completed and why she could not obtain this discovery before submission of the summary judgment motion. *See Brown v. Brown*, 145 S.W.3d 745, 750 (Tex. App.—Dallas 2004, pet. denied) (considering appellant's failure to move for enlargement of discovery period until several weeks after no-evidence motion filed and failure to explain what further discovery he needed in affirming denial of motion for continuance). Beyond stating that the stay "prevented discovery," she does not argue why the time she did have to conduct discovery was inadequate.

*Id.*; *see also Lucio v. John G. and Maria Stella Kenedy Mem'l Found.*, 298 S.W.3d 663, 670 (Tex. App.—Corpus Christi 2009, pet. denied) ("Rule 166a(i) begins with the phrase, '[a]fter adequate time for discovery' not 'after a pretrial scheduling order's discovery period has concluded,' and therefore, it does not support" appellant's argument that trial court abused its discretion in granting no-evidence summary judgment during the discovery period); *Spencer v. GC Servs. Ltd. P'ship*, No. 01-12-00159-CV, 2013 WL 1908160, at *6 (Tex. App.—Houston [1st Dist.] May 7, 2013, no pet.) (mem. op) (trial court did not abuse its discretion in granting no-evidence summary judgment; case had been on file eight months and three months remained in discovery period, but other than arguing that appellee filed its "no-evidence summary judgment motion 'long before the discovery period was complete' and that '[t]here had not been adequate time for discovery' [appellant did] not address any of the factors that courts consider when determining whether adequate time for discovery has passed.").

"The mere fact that a trial court decided an issue in a manner differently than an appellate court would under similar circumstances does not establish an abuse of discretion." *Zeifman v. Michels*, 212 S.W.3d 582, 587 (Tex. App.—Austin 2006, no pet.). Because we conclude that, on this record, Thibodeaux has not established that the trial court abused its discretion by granting Toys "R" Us's motion for no-evidence summary judgment approximately three weeks before the discovery period under the docket-control order expired, we overrule Thibodeaux's first issue.

## C. Evidence in Support of Negligence Claim

In its motion for summary judgment, Toys "R" Us argued that Thibodeaux could not produce evidence in support of three elements of her negligence claim, i.e., (1) that Toys "R" Us owed Thibodeaux a legal duty, (2) that Toys "R" Us breached any duty, or (3) that any breach proximately caused Thibodeaux's injury. Thibodeaux argues in her second issue here that the "evidence necessary to defeat the no-evidence motion is minimal, and is contained in the affidavit of the Appellant, wherein she swears that she needed the deposition of two of the Defendant's employees to establish that the policy and procedures of the Defendant were violated and to establish the level of care owed to the Plaintiff while in the Defendant's store, which is [in] essence a dispute that Defendant owed Plaintiff a duty, that the duty was breached and the result of Defendant's breach

caused the Plaintiff to suffer damages and therefore create a material issue of fact."

This affidavit, which was offered in support of Thibodeaux's request that the trial court continue the summary-judgment hearing to a later date, does not provide evidence raising a fact issue on the elements of her negligence claim. *Malcomson Rd. Util. Dist. v. Newsom*, 171 S.W.3d 257, 263 (Tex. App.—Houston [1st Dist.] 2005, pet. denied) ("The trial court must grant the [no-evidence summary judgment] motion unless the nonmovant produces more than a scintilla of evidence raising a genuine issue of material fact on the challenged elements."). Thus, we overrule Thibodeaux's second issue.

## AMENDED PLEADING

In her third issue, Thibodeaux argues that "because the court considered the plaintiff's first amended petition and the defendant failed to file a motion to strike the plaintiff's amended pleading the trial court should not have dismissed plaintiff's amended petition."[1]

Rule 63 of the Texas Rules of Civil Procedure sets forth the guidelines applicable to amending petitions:

> Parties may amend their pleadings . . . provided, that any amendment offered for filing within seven days of the trial . . . shall be filed only after leave of the judge is obtained, which leave shall be granted by

---

[1] Although Thibodeaux's third issue statement states that Toys "R" Us "failed to file a motion to strike the plaintiff's amended pleading," she acknowledges elsewhere in her argument that Toys "R" Us did in fact file a motion to strike her amended petition two days after the petition was filed.

> the judge unless there is a showing that such amendments will operate as a surprise of the opposite party.

TEX. R. CIV. P. 63. "Texas courts have held that in the absence of a sufficient showing of surprise by the opposing party, the failure to obtain leave of court when filing a late pleading may be cured by the trial court's action in considering the amended pleading." *Goswami v. Metro. Sav. & Loan Ass'n*, 751 S.W.2d 487, 490 (Tex. 1988). The seven-day ruling applies to summary-judgment hearings. *Mensa-Wilmot v. Smith Intern., Inc.*, 312 S.W.3d 771, 778 (Tex. App.—Houston [1st Dist.] 2009, no pet.) ("A summary judgment hearing is a trial for purposes of rule 63."). The trial court's decision striking an untimely petition "will not be disturbed unless the opposite party clearly shows an abuse of discretion." *Nairn v. Killeen Indep. Sch. Dist.*, 366 S.W.3d 229, 249 (Tex. App.—El Paso 2012, no pet.).

Thibodeaux's amended petition was filed less than seven days before the summary-judgment hearing. When the trial court granted summary judgment on Thibodeaux's negligence claim, her amended pleading had been on file for four days. At the time of the hearing, Toys "R" Us's motion to strike the amended pleading had been on file for two days, but had not yet been ruled upon. It was approximately another week after the hearing that Thibodeaux filed her motion for leave to file the amended petition on October 8, 2012. Finally, on October 10, the trial court denied leave and struck the amended petition.

13

Thibodeaux argues that (1) we should apply the presumption that the trial court considered her amended petition because "the record does not show that the trial court did not consider the amended petition,"[2] and (2) the trial court's later striking the amended petition was thus erroneous:

> Because the trial court considered the amended petition at the summary judgment hearing and the Defendant's motion to strike the Plaintiff's First Amended petition, was also on file, the trial court should not have then denied the amended petition after considering it.

Thibodeaux does not cite any authority for the proposition that the trial court's failure to rule on Toys "R" Us's motion to strike her untimely amended petition that added a new claim until after the court ruled on the pending summary-judgment motion renders ineffective the court's order striking the petition. She does not otherwise demonstrate how the trial court abused its discretion in striking the pleading. We overrule Thibodeaux's third issue.

## CONCLUSION

We affirm the trial court's judgment.

---

[2] She also argues that the trial court specifying in its summary judgment order that it was granting summary judgment on her "negligence claim" demonstrates that the trial could was considering her premises liability claim from her amended petition.

14

Sherry Radack
Chief Justice

Panel consists of Chief Justice Radack and Justices Bland and Huddle.