

NUMBER 13-12-00719-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

ENRIQUETA CASTILLO, ET AL.,                  Appellants,

**v.**

MIZPAH RESIDENTIAL CARE
D/B/A LA FAMILIA ADULT DAY CARE,        Appellee.

---

**On appeal from the 445th District Court
of Cameron County, Texas.**

---

# DISSENTING MEMORANDUM OPINION

**Before Justices Benavides, Perkes, and Longoria
Dissenting Memorandum Opinion by Justice Perkes**

By the time the trial court granted[1] summary judgment in favor of Mizpah

Residential Care, d/b/a La Familia Adult Day Care ("Mizpah"), this case had been on file

---

[1] The majority incorrectly measures the adequacy of time by the date Mizpah filed the no-evidence motion for summary judgment (in May) rather than the final date on which it was presented to the trial court (in August). "The pertinent date for this inquiry is the final date on which the no-evidence motion is

and active for nearly two years. Significant discovery occurred, and one complete discovery period had already expired. Because adequate time for discovery preceded the summary judgment, I respectfully dissent from the majority's conclusion that granting the no-evidence summary judgment would have been a clear abuse of discretion. Instead of invalidating the no-evidence summary judgment as six weeks premature, I would affirm the judgment because there is no evidence, even after significant discovery, that Mizpah proximately caused their injuries by failing to ensure the passengers were wearing seat belts.

## I. BACKGROUND

The majority provides a lengthy background section, but I provide the following information to highlight other facts that may have influenced the trial court's decision to grant Mizpah's motion.

The appellants, Enriqueta Castillo, through her legal heirs and representatives of the Estate of Enriqueta Castillo, Santiago Castillo Jr., Enedina Castillo Morenzo, Inez Ledezma Castillo, and Elizabeth Castillo Cuellar; and Mario Alberto Castillo, through his legal heirs and representatives of the Estate of Mario Alberto Castillo, Elizabeth Castillo Cuellar, and Jesus Omar Castillo ("the Castillos") sued Mizpah in October 2010. Mizpah

---

presented to the trial court for ruling . . . ." *McInnis v. Mallia*, 261 S.W.3d 197, 200 (Tex. App.—Houston [14th Dist.] 2008, no pet.); *see Ling v. BDA&K Bus. Servs., Inc.*, 261 S.W.3d 341, 349 (Tex. App.—Dallas 2008, no pet.) ("By the time the motion for summary judgment was heard . . . ."). This approach makes sense given that it is the trial court's grant of the summary judgment, not the party's filing, that we are reviewing for an abuse of discretion. Moreover, one of the controlling *McInnis* factors, which the majority quotes, is "the amount of time the no evidence motion was on file"—a pointless factor if the pertinent date is the date the party filed the no-evidence motion. *See McInnis*, 261 S.W.3d at 201; *see also D.R. Horton-Texas, Ltd. v. Savannah Props. Assocs., L.P.*, 416 S.W.3d 217, 223 (Tex. App.—Fort Worth 2013, no pet.); *Brewer & Pritchard, P.C. v. Johnson*, 167 S.W.3d 460, 467 (Tex. App.—Houston [14th Dist.] 2005, pet. denied); *Martinez v. City of San Antonio*, 40 S.W.3d 587, 591 (Tex. App.—San Antonio 2001, pet. denied); *Specialty Retailers, Inc. v. Fuqua*, 29 S.W.3d 140, 145 (Tex. App.—Houston [14th Dist.] 2000, pet. denied).

was served in September 2011, and Mizpah filed its original answer the next month. On January 4, 2012, the trial court entered its first level three scheduling order, which set the discovery deadline on May 25, 2012. During discovery, the Castillos responded to Mizpah's requests for admission, production, and disclosure as well as written interrogatories, but on April 9, 2012, Mizpah moved for the trial court to compel the Castillos to answer several of the interrogatories and requests for production, alleging the Castillos failed to adequately answer them. On April 23, 2012, the parties' attorneys signed a rule 11 agreement, in which the Castillos' attorney committed to amend the discovery responses and provide "full and complete answers without objections" to the interrogatories and requests for production for which Mizpah had moved to compel responses.

Discovery ended on May 25, 2012. On May 29, 2012, Mizpah filed its hybrid motion. In it, Mizpah complained that, contrary to the rule 11 agreement, the Castillos provided supplemental discovery responses "without appropriately amending their responses and without withdrawing their objections" and failed to answer Mizpah's requests for disclosure. Mizpah also argued that the Castillos failed to identify any fact witnesses from the accident. A few days later, on June 7, 2012, the Castillos moved for a continuance, claiming they found a fact witness, the driver of Mizpah's van, and they needed to take his deposition and locate potentially impeaching witnesses.[2] On that same date, the parties set the date for submission on Mizpah's hybrid summary-judgment

_____

[2] The Castillos also premised their continuance motion on their need to review and investigate assertions Mizpah made in its June 4, 2012 (filed June 6, 2012) second amended original answer.

3

motion for August 8, 2012. On June 25, 2012, the trial court entered a new level three scheduling order, which set a new discovery deadline on October 12, 2012. In the order, the trial judge initialed a hand-written note stating that no further continuances would be granted.

The Castillos' summary-judgment response was due on August 1, 2012. The Castillos filed their response on August 8, 2012. The Castillos filed a motion for leave, asking the trial court to consider their untimely response. The trial court granted the leave, but on August 21, 2012, the trial court granted Mizpah's May 25 hybrid motion.

## II. NO-EVIDENCE SUMMARY JUDGMENT

As the majority correctly states, under rule 166a(i), a no-evidence motion for summary judgment can only be sought after adequate time for discovery, but the rule does not require that discovery be completed.[3] *See* TEX. R. CIV. P. 166a(i); *McInnis v. Mallia*, 261 S.W.3d 197, 200 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (citing *In re Mohawk Rubber Co.*, 982 S.W.2d 494, 498 (Tex. App.—Texarkana 1998, orig. proceeding)); *see also Ling v. BDA&K Bus. Servs., Inc.*, 261 S.W.3d 341, 349 (Tex. App.—Dallas 2008, no pet.); *Martinez v. City of San Antonio*, 40 S.W.3d 587, 591 (Tex. App.—San Antonio 2001, pet. denied). A court-provided discovery deadline may be a strong indicator of adequate time, but it is not a conclusive measure of it. *McInnis*, 261 S.W.3d at 203. The majority circumvents the foregoing, well-established case law by construing the trial court's grant[4] of the Castillos' motion for continuance as "an implied

---

[3] In their brief, the Castillos acknowledge summary judgment can be granted before a discovery period has ended.

[4] I agree with the majority that the trial court effectively granted the continuance on June 25, 2012

4

finding" that the time for discovery had been inadequate. That eisegesis begs the question, allowing the majority to treat the trial court's second discovery deadline as a bright-line requirement. *Contra Dishner v. Huitt-Zollars, Inc.*, 162 S.W.3d 370, 376 (Tex. App.—Dallas 2005, no pet.) (refusing a bright-line approach). In so doing, the majority, although recognizing our review of this matter is for an abuse of discretion, *see McInnis*, 261 S.W.3d at 201, essentially strips a trial court of discretion on assessing time adequacy when it grants a post-discovery continuance.

For support for this imposition, the majority relies on the 1997 comment to rule 166a(i). That comment states, in relevant part:

> A discovery period set by pretrial order *should* be adequate opportunity for discovery unless there is a showing to the contrary, and ordinarily a [no-evidence] motion under paragraph (i) would be permitted after the period but not before.

TEX. R. CIV. P. 166a(i) cmt—1997 (emphasis added). Using this comment, the majority delegates to a footnote the seven well-known factors reviewing courts use to assess the adequacy of discovery and supersedes them with one "uniquely significant factor" that it believes deserves "more weight than the others"—a discovery deadline. The majority inflexibly applies its bright-line deadline factor, not allowing the trial court in this case even the discretion to distinguish between a first-ordered discovery deadline and a second discovery deadline. The majority thus constrains the trial court by its own continuance order and removes all its discretion in assessing whether the time for discovery had been adequate, even when, as here, one discovery period had already been long expired.

---

when it re-set the discovery deadline to October 12, 2012.

The majority should have given more consideration to the established factors that govern the issue regarding adequate time:

> In considering whether the trial court permitted an adequate time for discovery, we consider the following factors: (1) the nature of the case; (2) the nature of the evidence necessary to controvert the no-evidence motion; (3) the length of time the case was active; (4) the amount of time the no-evidence motion was on file; (5) whether the movant had requested stricter deadlines for discovery; (6) the amount of discovery that already had taken place; and (7) whether the discovery deadlines in place were specific or vague.

*McInnis*, 261 S.W.3d at 201 (citations omitted). Those factors, as applied to this case are as follows: (1) this is a personal injury case arising from a two-vehicle accident; (2) the Castillos needed to provide some evidence of negligence and proximate cause; (3) the case had been active for almost two years; (4) the no-evidence motion was on file for about three months; (5) Mizpah did not request stricter discovery deadlines; (6) one complete discovery period had already expired, and the Castillos were able to obtain EMS reports, police reports, and death certificates, interview the Mizpah driver, obtain affidavits from Elizabeth Cuellar and Roel Zamora, and respond to Mizpah's requests for admission, production, and disclosure as well as written interrogatories; and (7) the discovery deadlines were specific. These controlling factors support the trial court's discretionary determination that adequate discovery occurred.

After concluding the time for discovery was inadequate, the majority was relieved of further assessing the merits of the no-evidence motion. Instead, the majority considered the issue of proximate cause only as it related to Mizpah's motion for traditional summary judgment, under which Mizpah had a weightier burden of proof and under which Mizpah framed causation only as it related to the automobile accident.

6

Because I would not invalidate the no-evidence motion as premature, I review it. Unlike its traditional motion, Mizpah repeatedly emphasized in the no-evidence motion that the Castillos produced "no evidence that any negligence by [Mizpah] proximately caused *injuries* to the Castillos." (Emphasis added). To defeat Mizpah's motion, the Castillos had to identify evidence raising a genuine issue of material fact regarding proximate cause. *See* TEX. R. CIV. P. 166a(i) & cmt.—1997; *Hamilton v. Wilson*, 249 S.W.3d 425, 426 (Tex. 2008); *Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 207 (Tex. 2002).

I agree with the majority's articulation of the law on proximate cause, and I incorporate it here. The Castillos' no-evidence response focused on Mizpah's duty and breach, but the response contained no discussion or references to evidence raising a fact issue regarding proximate cause of the injuries.[5] The Castillos provided no evidence that the lack of restraints actually caused or aggravated the passengers' particular injuries; i.e., that Enriqueta and Mario would not have suffered such injuries had they been properly secured. The Castillos further provided no evidence showing their injuries would not have occurred but for Mizpah's alleged negligence.

I would hold that the Castillos' response is inadequate for its failure to address the element of proximate cause. *See* TEX. R. CIV. P. 166a(i) & cmt.—1997 (requiring a trial

---

[5] On appeal, the Castillos claim that they "have photographs of Enriqueta's injures, which after viewing, a reasonable juror could find that such injures would not have been sustained if Enriqueta had been secured by a safety belt." First, the alleged photographs apparently do not support any claim regarding Mario. Second, our record does not contain the alleged photographs. The record citation provided by the Castillos directs us to their response to a request for production of photographs; the response simply says, "See attached." Assuming the photographs were before the trial court but not before us, we nevertheless presume that the omitted evidence supports the trial court's judgment. *See, e.g., Enter. Leasing Co. of Houston v. Barrios*, 156 S.W.3d 547, 550 (Tex. 2004) (citing *Crown Life Ins. Co. v. Estate of Gonzalez*, 820 S.W.2d 121, 122 (Tex. 1991); *DeSantis v. Wackenhut Corp.*, 793 S.W.2d 670, 689 (Tex. 1990)).

7

court to grant no-evidence summary judgment unless a non-movant points out evidence raising a fact issue on challenged elements); *Hamilton*, 249 S.W.3d at 426 (same); *Johnson*, 73 S.W.3d at 207 (same); *see also Marathon Corp. v. Pitzer*, 106 S.W.3d 724, 727 (Tex. 2003) (holding proximate cause cannot be supported by mere conjecture, guess, or speculation); *Excel Corp. v. Apodaca*, 81 S.W.3d 817, 820 (Tex. 2002) (same); *Plotkin v. Joekel*, 304 S.W.3d 455, 477 & n.12 (Tex. App.—Houston [1st Dist.] 2009, pet. denied) (affirming no-evidence summary judgment because non-movant failed to address or provide evidence raising a fact issue on the all of the challenged elements); *Holloway v. Tex. Electric Util. Constr., Ltd.*, 282 S.W.3d 207, 212 (Tex. App.—Tyler 2009, no pet.) (affirming no-evidence summary judgment because non-movant failed to provide proximate-cause evidence in its no-evidence response).   As such, I would affirm the trial court's summary judgment.

For the foregoing reasons, I respectfully dissent.

GREGORY T. PERKES
Justice

Delivered and filed the
22nd day of May, 2014.

8