Constance MAHER, Individually
and d/b/a The Maher Law
Firm, Appellant,

v.

David E. HERRMAN, and Herrman
& Herrman, L.L.P., Appellees.

No. 2–00–404–CV.

Court of Appeals of Texas,
Fort Worth.

Feb. 14, 2002.

Rehearing Overruled March 28, 2002.

Thurman & Andres, Charles W. McGarry, Dallas, for Appellant.

Chamberlain McHaney, Ranelle Moore Meroney, Tim Poteet, Austin, for Appellee.

Panel B: DAY, DAUPHINOT, and GARDNER, JJ.

## OPINION

LEE ANN DAUPHINOT, Justice.

### Introduction

The Maher Law Firm and Constance Maher sued Regina Elkins, a former employee, to collect on an alleged loan and for slander, intentional infliction of emotional distress, and civil conspiracy. In the same action, Maher lodged slander, intentional

infliction of emotional distress, and civil conspiracy claims against David E. Herrman and Herrman & Herrman, L.L.P., Elkins's present employers. The trial court entered an order granting defendants' summary judgment on the slander, intentional infliction of emotional distress, and civil conspiracy claims. Maher appeals that order in seven issues, alleging that the trial court erred in granting the summary judgment because: (1) there is some evidence that suit was brought under an assumed name and therefore not barred by the statute of limitations; (2) there is some evidence of misidentification of the plaintiff that worked to toll the statute of limitations; (3) there is a fact issue as to either the applicability of the discovery rule or the date on which the statutes of limitations were triggered for the various claims; (4) there is a fact issue as to fraudulent concealment; (5) the summary judgment motion did not address the later-added conspiracy claim; (6) there is a fact issue as to the date of the last act in furtherance of the alleged conspiracy; and (7) there is a fact issue as to when the slander and intentional infliction of emotional distress occurred. We affirm in part and reverse and remand in part.

## Background Facts

Maher employed Elkins as a paralegal in her Arlington law firm. In November 1995, Maher gave Elkins $5500. Within a month of receiving the money, Elkins left Maher and began working for Herrman & Herrman. While Maher classified the check as a loan, Elkins contended that it was a bonus. In its findings in conjunction with Elkin's claim for unpaid wages, the Texas Employment Commission determined that the $5500 Elkins received was an annual bonus.

While with Herrman & Herrman, Elkins called at least one of Maher's clients for the purpose of recruiting the client for her new employer. David Herrman, a partner of Herrman & Herrman, subsequently spoke with the client about the matter for which Maher represented the client. According to the client, both Elkins and Herrman claimed that Maher lies to her clients, had ten malpractice suits pending against her, was facing disbarment, and would be unable to properly handle the client's case.

In June 1996, Maher hired Stacey Alfonso as a legal assistant. Maher fired Alfonso after one month of work, citing client complaints about Alfonso. The day that she was fired, August 20, 1996, Alfonso accepted an offer to work for Herrman & Herrman. Three days after she was fired, Alfonso filed a grievance against Maher with the State Bar of Texas. The State Bar's investigation pursuant to that grievance found no violations. Maher claims that she had no idea that Alfonso was employed by Herrman & Herrman until Alfonso was deposed for an unrelated lawsuit on February 26, 1999.

## Procedural History

Through the course of litigation, the parties and allegations changed significantly. The Maher Law Firm, a Texas Corporation filed the original petition on June 7, 1996. Elkins and the Texas Employment Commission were named defendants and the only legal claims pertained to Elkins's failure to repay alleged loans. On August 8, 1996, the Maher Law Firm amended its original petition to include David Herrman and Herrman & Herrman as defendants and to include a claim of slander per se with malice. The trial court entered an order of non-suit as to the Texas Employment Commission on November 5, 1996.

A March 10, 1998 amendment listed Maher as "the sole owner of The Maher Law Firm" in the section entitled "Par-

ties" for the first time, and omitted the statement that the Maher Law Firm is a Texas corporation. A November 23, 1998 amendment formally added Maher individually as an additional party. On January 27, 2000, a fifth amendment to the original petition added claims for intentional infliction of emotional distress. Maher filed a sixth amendment on April 17, 2000, styled, for the first time, "CONSTANCE M. MAHER, individually, and d/b/a THE MAHER LAW FIRM, Plaintiff." Also in that amendment, the party descriptions were again altered; Maher individually was named a plaintiff with the clarification that she had conducted business under the names "The Maher Law Firm" and "The Maher Law Firm, P.C." The April 17, 2000 amendment contained new allegations of civil conspiracy. Also on April 17, 2000, Maher filed a separate Motion to Substitute True Name pursuant to rule 28 of the rules of civil procedure, requesting that "Constance M. Maher" be substituted for the assumed name "The Maher Law Firm." [1]

On May 15, 2000, the trial court entered an order granting David E. Herrman, Herrman & Herrman, and Elkins's March 31, 2000 motion for summary judgment and decreeing that Maher "take nothing in her claims for slander per se with malice, intentional infliction of emotional distress, and conspiracy." After Maher and Elkins settled the loan claims, a final judgment was entered on October 17, 2000. That judgment dismissed the loan claims with prejudice, pursuant to the agreement of the parties. Maher appeals only as to the slander per se with malice, intentional infliction of emotional distress, and conspiracy claims.

## Standard of Review

In a summary judgment case, the issue on appeal is whether the movant met her summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.[2] The burden of proof is on the movant, and all doubts about the existence of a genuine issue of material fact are resolved against the movant.[3] Therefore, we must view the evidence and its reasonable inferences in the light most favorable to the nonmovant.[4]

In deciding whether there is a material fact issue precluding summary judgment, all conflicts in the evidence are disregarded and the evidence favorable to the nonmovant is accepted as true.[5] Evidence that favors the movant's position will not be considered unless it is uncontroverted.[6]

A defendant is entitled to summary judgment if the summary judgment evidence establishes, as a matter of law, that at least one element of a plaintiff's cause of action cannot be established.[7] To accomplish this, the defendant-movant must

---

1. *See* Tex.R. Civ. P. 28.

2. Tex.R. Civ. P. 166a(c); *KPMG Peat Marwick v. Harrison County Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex.1999); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979).

3. *Rhone–Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex.1999); *Friendswood Dev. Co. v. McDade + Co.*, 926 S.W.2d 280, 282 (Tex. 1996); *Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.*, 391 S.W.2d 41, 47 (Tex.1965).

4. *Great Am.*, 391 S.W.2d at 47.

5. *Rhone–Poulenc*, 997 S.W.2d at 223; *Harwell v. State Farm Mut. Auto. Ins. Co.*, 896 S.W.2d 170, 173 (Tex.1995).

6. *Great Am.*, 391 S.W.2d at 47.

7. *Elliott–Williams Co. v. Diaz*, 9 S.W.3d 801, 803 (Tex.1999).

present summary judgment evidence that negates an element of the plaintiff's claim. Once this evidence is presented, the burden shifts to the plaintiff to put on competent controverting evidence that proves the existence of a genuine issue of material fact with regard to the element challenged by the defendant.[8]

■ A defendant is entitled to summary judgment on an affirmative defense if the defendant conclusively proves all the elements of the affirmative defense.[9] To accomplish this, the defendant-movant must present summary judgment evidence that establishes each element of the affirmative defense as a matter of law.[10]

### Conspiracy Claim

■ In her fifth issue, Maher alleges that the trial court erred in ordering summary judgment on her conspiracy claim because she added the claim after the summary judgment motion was filed, and Herrman, Herrman & Herrman, and Elkins, therefore, could not have addressed conspiracy in their motion.

■ It is axiomatic that one may not be granted judgment as a matter of law on a cause of action not addressed in a summary judgment proceeding.[11] A defendant's motion for summary judgment stands and falls on the grounds upon which it is made.[12] In other words, summary judgment cannot be granted except on the grounds expressly presented in the motion.[13] In determining whether

grounds are expressly presented, reliance may not be placed on briefs or summary judgment evidence.[14]

Here, the summary judgment motion identified two causes of action: intentional infliction of emotional distress and slander. Though it discussed Maher's allegations that the various defendants acted "in concert," the motion went on to recite only the statute of limitations for intentional infliction of emotional distress and slander. Even though Maher's response to the summary judgment motion addressed conspiracy, we cannot agree with Herrman, Herrman & Herrman, and Elkins that the claim was before the trial court. Consequently, in ordering summary judgment on a cause of action not addressed in a summary judgment motion, the trial court erred. We sustain Maher's fifth issue. Having done so, we do not reach Maher's sixth issue, in which she maintains that there are fact issues as to the date of the last act in furtherance of the alleged conspiracy.

### Misidentification Doctrine

■ In her second issue, Maher contends that the trial court erred in granting summary judgment against her because there is some evidence of misidentification of the plaintiff that worked to toll the statute of limitations.

In their motion for summary judgment, Herrman, Herrman & Herrman, and Elkins argued that Maher could not recover

---

8. *Centeq Realty, Inc. v. Siegler,* 899 S.W.2d 195, 197 (Tex.1995).

9. *KPMG Peat Marwick,* 988 S.W.2d at 748.

10. *Ryland Group, Inc. v. Hood,* 924 S.W.2d 120, 121 (Tex.1996).

11. *Chessher v. Southwestern Bell Tel. Co.,* 658 S.W.2d 563, 564 (Tex.1983).

12. *McConnell v. Southside Indep. Sch. Dist.,* 858 S.W.2d 337, 341 (Tex.1993); *Cadenhead v. Hatcher,* 13 S.W.3d 861, 863 (Tex.App.-Fort Worth 2000, no pet.); *see also* Tex.R. Civ. P. 166a(c) ("The motion for summary judgment shall state the specific grounds therefor.").

13. *Sci. Spectrum, Inc. v. Martinez,* 941 S.W.2d 910, 912 (Tex.1997).

14. *McConnell,* 858 S.W.2d at 341.

on her claims because they were barred by operation of the statute of limitations. The civil practice and remedies code provides that slander claims must be brought not later than one year after the day the cause of action accrues.[15] Other tort actions not specifically dealt with in the code are governed by the fall-back two-year statute of limitations.[16] This two-year limitation period has been applied to claims of intentional infliction of emotional distress.[17]

■■ The case law construing the misidentification doctrine generally addresses situations involving misidentified defendants. Before misidentification can be considered at all, though, the distinctions between misnomer and misidentification must be recognized. If a plaintiff merely misnames a correct defendant (misnomer), limitations is tolled and a subsequent amendment of the petition relates back to the date of the original petition.[18] If, however, a plaintiff is mistaken as to which of two defendants is the correct one and there is actually existing a corporation with the name of the erroneously named defendant (misidentification), then the plaintiff has sued the wrong party and limitations is not tolled.[19] Put another way, misnomer occurs when a party misnames either herself or the opposing party in a pleading, but the correct parties are involved; misidentification occurs when a party named in the pleading is not the party with an interest in the suit.[20]

■ Despite the general rule that misidentification does not toll the statute of limitations, an exception has been identified when a plaintiff sues an incorrect entity when (1) there are two separate but related entities that use a similar trade name, (2) the correct entity had notice of the suit, and (3) was not misled or disadvantaged by the mistake.[21] Thus, to prevent a summary judgment in a misidentification case, a plaintiff must plead and prove by the summary judgment evidence the proper defendant was not prejudiced by the mistake in pleading.[22]

■ After articulating the differences between misidentification and misnomer in her summary judgment response, Maher asserted to the trial court that this is a case of misidentification. Maher conceded to the trial court that the case law construing misidentification doctrine generally involves a misidentified defendant, but argued that "there is no reason why the same doctrine should not be applied to misidentified plaintiffs." In oral arguments before this court, however, Maher recast this issue as "Relation–Back Doctrine," claiming that when applied to plaintiffs, there is no difference between misnomer and misidentification and that both have been supplanted by section 16.068 of the civil practices and remedies code. Section 16.068 provides:

---

15. TEX. CIV. PRAC. & REM.CODE ANN. § 16.002(a) (Vernon Supp.2002).

16. *See id.* § 16.003; *Dickson Const., Inc. v. Fidelity and Deposit Co. of Md.,* 960 S.W.2d 845, 849 (Tex.App.-Texarkana 1997, no pet.).

17. *Matlock v. McCormick,* 948 S.W.2d 308, 311 (Tex.App.-San Antonio 1997, no writ); *Bhalli v. Methodist Hosp.,* 896 S.W.2d 207, 211 (Tex.App.-Houston [1st Dist.] 1995, writ denied).

18. *Enserch Corp. v. Parker,* 794 S.W.2d 2, 4–5 (Tex.1990).

19. *Id.* at 5.

20. *Pierson v. SMS Fin. II, L.L.C.,* 959 S.W.2d 343, 347 (Tex.App.-Texarkana 1998, no pet.).

21. *Chilkewitz v. Hyson,* 22 S.W.3d 825, 830 (Tex.1999) (op. on reh'g).

22. *See Enserch,* 794 S.W.2d at 5–6.

If a filed pleading relates to a cause of action, cross action, counterclaim, or defense that is not subject to a plea of limitation when the pleading is filed, a subsequent amendment or supplement to the pleading that changes the facts or grounds of liability or defense is not subject to a plea of limitation unless the amendment or supplement is wholly based on a new, distinct, or different transaction or occurrence.[23]

Maher did not present this provision to the trial court in her summary judgment response, however. A nonmovant must expressly present to the trial court any reasons for avoiding the movant's right to summary judgment.[24] More particularly, "[a] matter in avoidance of the statute of limitations that is not raised affirmatively by the pleadings will be deemed waived."[25] This comports with the general rule of appellate procedure that, to preserve a complaint for appellate review, a party must present to the trial court a timely motion that states the specific grounds for the desired ruling.[26] Because section 16.068 was not before the trial court when it decided the summary judgment motion, we may not consider it on appeal. We, therefore, confine our analysis on this issue to the misidentification doctrine.

While Maher cited no authority holding that the misidentification doctrine applies beyond misidentified defendants, we are persuaded that the doctrine does apply to misidentified plaintiffs. When faced with a case where a company erroneously sued in the name of a related but separate company, the Texarkana court held that the misnomer doctrine applied to allow substitution of the correct entity after the statute of limitations had run.[27] Importantly, though, the court held that the result would be the same if the mistake constituted a misidentification.[28] Essentially, the court concluded that the statute of limitations would not bar the claim because such an application of the statute would frustrate the purpose behind limitations, namely to give an opposing party a fair opportunity to defend itself.[29] The court concluded that the harshness of statutes of limitations should be tempered when all the proper parties were knowledgeable of the facts and were not misled or placed at a disadvantage in obtaining relevant evidence.[30]

Another case that leads us to conclude that misidentification doctrine should be applied to toll limitations when a plaintiff is misidentified involved an administrative appeal. In *Ealey v. Insurance Co. of North America,* an appeal by an insurer of a workers' compensation award to an insured, the supreme court held that bringing suit in the name of the parent company instead of its subsidiary tolled the statute of limitations because the defendant was not misled or disadvantaged by the error.[31] The court reasoned that the original petition naming the wrong plaintiff, when considered in its entirety, gave the defendant

23. TEX. CIV. PRAC. & REM.CODE ANN. § 16.068 (Vernon 1997).

24. *McConnell,* 858 S.W.2d at 343.

25. *Woods v. William M. Mercer, Inc.,* 769 S.W.2d 515, 518 (Tex.1988).

26. TEX.R.APP. P. 33.1(a).

27. *Pierson,* 959 S.W.2d at 347.

28. *Id.*

29. *Id.*

30. *Id.*

31. 660 S.W.2d 50, 52 (Tex.1983) (citing *Womack Mach. Supply Co. of Houston v. Fannin Bank,* 504 S.W.2d 827 (Tex.1974)).

fair notice of the appeal.[32] *Ealey* did not discuss the differences between misidentification and misnomer nor did it identify itself as either one. However, the case was one of a mistake as to which of two parties was the correct plaintiff, and because an entity with the name of the erroneously named plaintiff (the subsidiary) actually existed, when viewed in light of the *Enserch* guidelines, *Ealey* is clearly a misidentification case.[33]

Given the above authority and the fact that prospective plaintiffs might very well face situations in which identifying the owner of a claim among related entities proves difficult, we see no bar to applying the misidentification doctrine to relate claims of later-named plaintiffs back to the original filing of suit when the evidence establishes that the defendants were not misled or prejudiced by the mistake. Thus, as in misidentified defendant cases, in a misidentified plaintiff case a plaintiff must raise a fact issue as to the lack of prejudice to avoid summary judgment based on limitations.[34] Whether the defendant is prejudiced by the plaintiff's pleading error, of course, is predominately a question of fact.[35]

Maher argued to the trial court that "Defendants could not have been prejudiced in any conceivable manner by this pleading error, since the factual allegations have remained unchanged since the commencement of the lawsuit, and the defendants have had a full and fair opportunity to conduct discovery and defend against those allegations." To support her contention that Herrman, Herrman & Herrman, and Elkins knew from the initiation of the lawsuit that Maher was the plaintiff, Mah-

er attached excerpts from the November 12, 1996 deposition of the client Herrman and Elkins contacted. In that deposition, Maher and her firm are referred to interchangeably. Maher further asserted that "Defendants have never alleged that the misidentification of The Maher Law Firm in the caption of the pleading prejudiced their defense of this case." Herrman, Herrman & Herrman, and Elkins did not respond in the trial court to this argument.

When viewed in the light most favorable to Maher, this argument and evidence raised a fact issue as to whether misidentification applies and whether Herrman, Herrman & Herrman, and Elkins were prejudiced by the change in plaintiffs. The trial court, therefore, erred in granting summary judgment. We sustain Maher's second issue. Having found error on this ground, we do not address Maher's first, third, fourth, and seventh issues.

### Conclusion

Having affirmed Maher's second and fifth issue, we reverse that portion of the trial court's Final Judgment that states Maher take nothing on her claims for slander per se with malice, intentional infliction of emotional distress, and conspiracy, and remand those claims to the trial court. We affirm the trial court's dismissal with prejudice of the loan claims. The case is remanded to the trial court.

---

**32.** *Id.* at 52–53.

**33.** *See Enserch,* 794 S.W.2d at 5.

**34.** *See Bass v. Tex. Ass'n of Sch. Bds.,* 55 S.W.3d 735, 740 (Tex.App.-Corpus Christi 2001, pet. filed).

**35.** *See id.*