# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00861-CV

**Veronica Chavez Vara, Appellant**

**v.**

**Melissa Morgan Williams, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT NO. D-1-GN-10-000225, HONORABLE GISELA D. TRIANA-DOYAL, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

This appeal arises from Veronica Chavez Vara's legal malpractice claim against her attorney, Melissa Morgan Williams. Vara appeals the trial court's grant of Williams's traditional motion for summary judgment. For the reasons that follow, we affirm the trial court's judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2007, Vara hired Williams to represent her in a divorce proceeding. In January 2008, the parties reached a mediated settlement agreement (MSA). In the MSA, both parties verified that they had disclosed all community and separate property and all community indebtedness. The MSA also provided that Vara could reside in the marital residence "until the date of sale or October 1, 2008, whichever is earlier." The MSA further stated that "[i]f the house does not sell by October 1, 2008, Veronica Vara will move out by that date." On February 1, 2008, the trial court signed a final divorce decree, which included a provision that the parties were to sign an

operating trust agreement (OTA) to delineate the parties' ownership and use of certain community property assets. Following the entry of the divorce decree, disputes arose concerning the OTA, the parties' rights to the residence, and the disclosure of assets. In approximately September 2008, Vara hired new counsel to represent her in post-divorce proceedings. Subsequently, the trial court entered further orders clarifying and enforcing the terms of the divorce decree, including the provisions relating to the OTA and Vara's use of the marital residence.

In January 2010, Vara, acting pro se, filed her "Original Suit of Legal Malpractice" against Williams asserting negligence, violations of the Texas Deceptive Trade Practices Act (DTPA), breach of contract, and breach of fiduciary duty. In her answer, Williams asserted that any causes of action beyond legal malpractice were merely components of an impermissibly "fractured" professional negligence claim.[1] In March 2010, Vara filed her "1st Amended Suit of Legal Malpractice," again asserting negligence, DTPA, breach of contract, and breach of fiduciary causes of action, and adding a claim for negligent misrepresentation. In June 2010, the trial court signed a docket control order that set the deadline for Vara to designate testifying experts for September 27, 2010. In August 2010, Williams filed special exceptions to Vara's first amended petition, and in response Vara filed her "Second Amended Petition" in early October 2010, adding a claim for fraud and alleging misrepresentation in lieu of negligent misrepresentation.

Meanwhile, the deadline for Vara to designate testifying experts passed in September, and Vara did not designate any experts. In October, Williams filed a "traditional" motion for

---

[1] As discussed more fully below, Texas law does not permit a plaintiff to divide or "fracture" a legal malpractice claim into additional causes of action. *O'Donnell v. Smith*, 234 S.W.3d 135, 146 (Tex. App.—San Antonio 2007), *aff'd*, 288 S.W.3d 417 (Tex. 2009).

summary judgment asserting that (1) Vara's non-negligence claims were actually fractured claims for professional negligence and (2) Vara's professional negligence claims failed as a matter of law because she did not have the required expert testimony.[2] Vara responded by filing a "3rd Amended Petition," in which she reasserted her fraud, DTPA, and breach of fiduciary duty claims, but omitted her prior claims for breach of contract, negligence, and misrepresentation. Vara also filed special exceptions to Williams's motion for summary judgment contending that the grounds for Williams's motion were unclear in light of her amended petition. Vara subsequently filed written responses to Williams's motion for summary judgment in which she contended that Williams's claim that her suit was an improperly fractured malpractice claim was based on her second amended petition and since she had filed her third amended petition in which she sought "no grounds of negligence whatsoever," Williams's request to dispose of the entire case was improper.

In November 2010, a hearing was held on Williams's motion for summary judgment and Vara's special exceptions. The trial court first heard Vara's special exceptions on the record. Vara argued that Williams's contention that the "entire lawsuit should be dismissed because it's basically legal malpractice" was based on her second amended petition and that under her third amended petition, "[t]here's nothing having to do with the standard of care. There's no need for an expert witness to come in and speak about the standard of care." The trial court, observing that the motion for summary judgment addressed the remaining live claims contained in Vara's third amended petition, overruled Vara's special exceptions. The trial court then heard the motion

---

[2] Alternatively, Williams also asserted that Vara's DTPA claim was barred by the professional services exception under the statute. *See* Tex. Bus. & Com. Code Ann. § 17.49(c) (West Supp. 2012).

3

for summary judgment without a record and subsequently granted the motion in its entirety. This appeal followed.

## DISCUSSION

In a single issue, Vara contends that the trial court erred in granting Williams's "traditional" motion for summary judgment when there were genuine issues of material fact as to Vara's various causes of action. We review the trial court's decision to grant summary judgment de novo. *Texas Mun. Power Agency v. Public Util. Comm'n of Tex.*, 253 S.W.3d 184, 192 (Tex. 2007); *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). To prevail on a traditional motion for summary judgment, the movant must establish that there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. *See* Tex. R. Civ. P. 166a(c); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215–16 (Tex. 2003). A defendant must disprove as a matter of law at least one essential element of each of a plaintiff's theories of recovery. *D. Houston, Inc. v. Love*, 92 S.W.3d 450, 454 (Tex. 2002). Stated another way, "[a] defendant is entitled to summary judgment if the summary judgment evidence establishes, as a matter of law, that at least one element of a plaintiff's cause of action cannot be established." *Maher v. Herrman*, 69 S.W.3d 332, 336 (Tex. App.—Fort Worth 2002, pet. denied). Once the defendant presents evidence to disprove an element of the plaintiff's claim, the burden shifts to the plaintiff to present controverting evidence that creates a fact issue on the element challenged by the defendant. *Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995); *Maher*, 69 S.W.3d at 337.

4

On appeal, the defendant, as movant, still bears the burden of showing there are no fact issues and that it is entitled to judgment as a matter of law. *Elliott-Williams Co. v. Diaz*, 9 S.W.3d 801, 803 (Tex. 1999). When reviewing a summary judgment, the appellate court takes as true all evidence favorable to the nonmovant and indulges every reasonable inference and resolves any doubts in the nonmovant's favor. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006); *Dorsett*, 164 S.W.3d at 661. When the trial court does not specify the grounds for its summary judgment, the appellate court must affirm the summary judgment if any of the theories presented to the trial court and preserved for appellate review are meritorious. *Knott*, 128 S.W.3d at 216.

**Fractured Malpractice Claim**

Williams sought summary judgment on Vara's non-negligence claims on the ground that they were not independent causes of action but were instead merely components of a fractured legal malpractice claim. On appeal, Vara contends that her pleadings contain independent, non-fractured causes of action for fraud, breach of fiduciary duty, and DTPA violations.[3] To determine whether Vara has asserted separate non-negligence claims that are distinct from a legal malpractice claim, we look to the law characterizing professional negligence claims and the rule prohibiting plaintiffs from dividing negligence claims against their attorneys into other claims.

---

[3] Vara also contends that Williams's fractured malpractice claim argument is irrelevant because Williams failed to negate any element of her negligence cause of action. We address this argument in our discussion of Vara's failure to designate a testifying expert.

5

Attorneys owe their clients the duty to act in a manner consistent with the standard of care expected to be exercised by a reasonably prudent attorney. *Beck v. Law Offices of Edwin J. (Ted) Terry, Jr., P.C.*, 284 S.W.3d 416, 426 (Tex. App.—Austin 2009, no pet.). A legal malpractice claim is based on negligence. *Cosgrove v. Grimes*, 774 S.W.2d 662, 664 (Tex. 1989). To prevail in a professional negligence case against an attorney, the plaintiff must prove (1) the attorney owned a duty to the plaintiff; (2) the attorney breached that duty; (3) the breach caused the plaintiff's injuries; and (4) damages occurred. *Id.* at 665; *Beck*, 284 S.W.3d at 426.

Texas law does not permit a plaintiff to divide or "fracture" a legal malpractice claim into additional causes of action. *O'Donnell v. Smith*, 234 S.W.3d 135, 146 (Tex. App.—San Antonio 2007), *aff'd*, 288 S.W.3d 417 (Tex. 2009); *Goffney v. Rabson*, 56 S.W.3d 186, 190 (Tex. App.—Houston [14th Dist.] 2001, pet. denied). The rule against fracturing a negligence claim prevents malpractice plaintiffs from transforming a claim that sounds only in negligence into other claims. *Deutsch v. Hoover, Bax & Slovacek, L.L.P.*, 97 S.W.3d 179, 189 (Tex. App.—Houston [14th Dist.] 2002, no pet.). "'[A] case arising out of an attorney's alleged bad legal advice or improper representation' may not 'be split out into separate claims for negligence, breach of contract, or fraud [(or any other non-negligence theory)] because the real issue remains one of whether the professional exercised that degree of care, skill, and diligence that professionals of ordinary skill and knowledge commonly posses and exercise.'" *Beck*, 284 S.W.3d at 426–27 (brackets in original) (quoting *Kimleco Petroleum, Inc. v. Morrison & Shelton*, 91 S.W.3d 921, 924 (Tex. App.—Fort Worth 2002, pet. denied)).

This rule does not preclude clients from asserting causes of action other than negligence against their attorneys if supported by the facts. *See id.*; *Deutsch*, 97 S.W.3d at 189. However, a plaintiff may not rely on multiple causes of action as a "'means to an end' to achieve one complaint of legal malpractice." *Greathouse v. McConnell*, 982 S.W.2d 165, 172 (Tex. App.—Houston [1st Dist.] 1998, pet. denied). "[T]he claimant must do more than 'merely reassert the same claim for legal malpractice under an alternative label.'" *Beck*, 284 S.W.3d at 427 (quoting *Duerr v. Brown*, 262 S.W.3d 63, 70 (Tex. App.—Houston [14th Dist.] 2008, no pet.)). In determining whether an asserted cause of action is a claim for negligence or something else, "'we are not bound by the labels the parties place on their claims.'" *Id.* at 427–28 (quoting *Murphy v. Gruber*, 241 S.W.3d 689, 697 (Tex. App.—Dallas 2007, pet. denied)). If the gist of the complaint is that the attorney did not exercise that degree of care, skill, or diligence as attorneys of ordinary skill and knowledge commonly possess and exercise, then the complaint should be pursued as a negligence claim rather than as some other claim. *Id.*; *Deutsch*, 97 S.W.3d at 189–90.

After reviewing Vara's fraud, DTPA, and breach of fiduciary duty allegations, we conclude that the gist of these claims is that Williams did not exercise that degree of care, skill, or diligence as attorneys of ordinary skill and knowledge commonly possess and exercise and they are thus components of a fractured malpractice claim. *See Beck*, 284 S.W.3d at 434; *Deutsch*, 97 S.W.3d at 190. In her fraud allegations, Vara complains that Williams made "false representations" regarding the drafting of the OTA and divorce decree, "concealed" information concerning the OTA and verification of assets, and "induced" her into signing the divorce decree. In her DTPA claim, Vara contends that these same acts constituted "false, misleading, and

7

deceptive" representations on which Vara relied to her detriment. And in her breach of fiduciary duty claim, Vara asserts that this same conduct, as well as her failure to seek a restraining order against Vara's ex-husband, was a breach of Williams's fiduciary duty to Vara.

However, in each of these claims, all of which are based on the same factual allegations, the substance of Vara's allegations is that Williams did not competently fulfill her duties as Vara's attorney by failing to obtain an executed OTA contemporaneously with or immediately after the court's signing the final decree of divorce, to ensure "appropriate language" in the divorce degree, particularly with regard to the parties' rights to the marital residence, and to obtain the necessary documentation to verify Vara's ex-husband's assets. Merely characterizing conduct as a "misrepresentation," "concealment," "inducement," "misleading," or "deceptive" does not necessarily transform what is really a professional negligence claim into a fraud, DTPA, or breach of fiduciary duty cause of action.[4] *See Murphy*, 241 S.W.3d at 697; *see also Kimleco*, 91 S.W.3d at 924; *Greathouse*, 982 S.W.2d at 172. In short, the crux of these purported causes of action is that Williams did not provide adequate legal representation to Vara, these claims should be pursued only

---

[4] Further, claims for breach of fiduciary duty involve the integrity and fidelity of an attorney and focus on whether an attorney obtained an improper benefit from representing the client. *Murphy v. Gruber*, 241 S.W.3d 689, 693 (Tex. App.—Dallas 2007, pet. denied). The only benefit to Williams that Vara alleges is attorney's fees from continued representation of Vara. Such an alleged benefit does not rise to the level of "improper benefit" generally necessary to constitute a breach of fiduciary duty. *See Goffney v. Rabson*, 56 S.W.3d 186, 193 (Tex. App.—Houston [14th Dist.] 2001, pet. denied) ("Breach of fiduciary duty by an attorney most often involves the attorney's failure to disclose conflicts of interest, failure to deliver funds belonging to the client, placing personal interests over the client's interests, improper use of client confidences, taking advantage of the client's trust, engaging in self-dealing, and making misrepresentations."); *O'Donnell*, 234 S.W.3d at 146 (breach of fiduciary duty often involves attorney's failure to disclose conflicts of interest, failure to deliver client funds, improper use of client confidences, or engaging in self-dealing).

as a professional negligence claim, and Vara impermissibly fractured her malpractice claim by asserting them as fraud, breach of fiduciary duty, and DTPA claims. *See Kimleco*, 91 S.W.3d at 924; *Deutsch*, 97 S.W.3d at 189; *Greathouse*, 982 S.W.2d at 172. We therefore conclude that the trial court did not err in granting Williams's motion for summary judgment as to Vara's non-negligence causes of action.[5]

**Failure to Designate Expert**

Although Vara's third amended petition purports to omit her cause of action for negligence, because we conclude that her non-negligence claims were actually components of a fractured claim for professional negligence, we turn to the issue of Vara's failure to designate an expert in accordance with the deadline established by the trial court. Under Texas law, a plaintiff in a legal malpractice case is required to present expert testimony regarding the standard of skill and care ordinarily exercised by an attorney. *McInnis v. Mallia*, 261 S.W.3d 197, 201 (Tex. App.—Houston [14th Dist.] 2008, no pet.); *Ersek v. Davis & Davis, P.C.*, 69 S.W.3d 268, 271 (Tex. App.—Austin 2002, pet. denied). It is undisputed that Vara did not designate any testifying experts within the time allowed by the trial court's docket control order and did not request an extension of time in which to do so. Williams sought summary judgment on the ground that in the absence of expert testimony Vara could not prove the elements of her legal malpractice claim. Williams's summary judgment included an affidavit from her attorney averring that neither he nor Williams had

---

[5] Vara also contends that the trial court erred in granting summary judgment because Williams failed to present affirmative evidence negating at least one element of each non-negligence cause of action asserted. Because we conclude that Vara's non-negligence claims are merely components of a fractured malpractice claim, we do not reach this argument.

9

been served with a response to Williams's request for disclosure that designated any testifying expert witnesses for Vara concerning any elements of her legal malpractice claim or any other issue.

Vara contends that the trial court erred in granting summary judgment because in doing so it treated Williams's traditional motion for summary judgment as a "no-evidence" motion for summary judgment.[6] In other words, Vara asserts, because Williams brought a traditional motion for summary judgment but offered no summary judgment evidence on any of the elements of Vara's legal malpractice claim, Williams did not meet her burden, Vara had no obligation to offer controverting evidence, and the trial court should have denied the motion. In essence, Vara argues that the affidavit of Williams's attorney was insufficient to negate any element of her claim, a requirement of a traditional motion for summary judgment. We find this argument unpersuasive.

The affidavit of Vara's attorney established, and Vara did not and does not on appeal dispute, that Vara failed to designate an expert to testify on the standard of care required of an attorney. Because such expert testimony is required, *see McInnis*, 261 S.W.3d at 201; *Ersek*, 69 S.W.3d at 271, the affidavit of Williams's attorney proving that Vara had not designated an expert disproved as a matter of law at least one essential element of Vara's legal malpractice claim.[7] *See D. Houston, Inc.*, 92 S.W.3d at 454. Thus, the summary judgment evidence established, as a matter of law, that at least one element of Vara's cause of action could not be established, *see Maher*,

---

[6] In a no-evidence motion for summary judgment, the movant, without presenting evidence, seeks summary judgment on the ground that there is no evidence of one or more essential elements of the nonmovant's claim, and the burden shifts to the nonmovant to produce evidence raising a fact issue. *See* Tex. R. Civ. P. 166a(i).

[7] We do not address whether expert testimony is required to prove the other elements of Vara's legal malpractice claim.

69 S.W.3d at 336, and Williams met her burden under rule 166a(c), *see* Tex. R. Civ. P. 166a(c); *Provident Life & Accident Ins. Co.*, 128 S.W.3d at 216. When Williams presented evidence to disprove the standard of care element of Vara's legal malpractice claim, the burden shifted to Vara to present controverting evidence to create a fact issue on that element. *See Centeq Realty, Inc.*, 899 S.W.2d at 197; *Maher*, 69 S.W.3d at 337. Because Vara failed to do so, we conclude that the trial court did not err in granting Williams's motion for summary judgment. We overrule Vara's single appellate issue.

## CONCLUSION

Because we conclude that Vara's non-negligence claims were merely components of a fractured legal malpractice claim and that Williams met her burden under Rule 166a(c) to disprove at least one element of that claim, we overrule Vara's single issue and affirm the judgment of the trial court.

_____

Melissa Goodwin, Justice

Before Chief Justice Jones, Justices Puryear and Goodwin

Affirmed

Filed: March 28, 2013

11