# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00767-CV

**John Rady, Appellant**

**v.**

**Mortgage Electronic Registration Systems, Inc., as Nominee for Home123 Corporation, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT NO. D-1-GN-11-002996, HONORABLE RHONDA HURLEY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

John Rady appeals pro se from the trial court's order granting summary judgment in favor of appellee Mortgage Electronic Registration Systems, Inc. (MERS) and dismissing Rady's claims with prejudice. For the following reasons, we affirm.

## BACKGROUND

Curtis and Myra Green executed a deed of trust and promissory note with Home 123 Corporation in January 2007 to purchase the property at issue. The deed of trust names MERS as nominee for Home 123 and its successors and assigns and as the beneficiary. MERS assigned the deed of trust to Deutsche Bank National Trust Company. After the Greens defaulted on the loan, Deutsche Bank posted and sold the property by foreclosure sale on June 7, 2011. Deutsche Bank purchased the property at the foreclosure sale.

Rady sued MERS in September 2011 seeking declaratory relief "in order to quiet title" to the property. In his petition, Rady claimed that the Greens conveyed their interest in the property to him on June 11, 2011, and asked the court to declare that he owned the property at issue and that the deed of trust was void and to remove the deed of trust from the title to the property.

MERS answered and filed a traditional motion for summary judgement with supporting evidence. *See* Tex. R. Civ. P. 166a(c). Among its asserted grounds for summary judgment, MERS contended that Rady was not entitled to the declaratory relief that he requested because Deutsche Bank was the record owner of the property, Rady had no interest in the property, the deed of trust was valid, and Rady lacked standing to challenge the validity of the deed of trust in any case because he was not a party to the deed of trust. MERS's evidence included an affidavit by a contract manager for the attorney-in-fact and mortgage servicer for Deutsche Bank. The contract manager averred about the Greens' loan and mortgage, the deed of trust, and the foreclosure sale of the property. Copies of the deed of trust and the recorded substitute trustee's deed conveying the property to Deutsche Bank on June 7, 2011, were attached to the affidavit. The contract manager also averred that his employer and Deutsche Bank were "not familiar with Mr. John Rady outside of the fact that Mr. Rady filed the above-referenced lawsuit against MERS."

Rady filed objections to MERS's motion with evidence. Rady referenced an assignment of rights from the Greens to him as to the property, but Rady did not file such a document with his objections and it is not otherwise in the record. His evidence included copies of the recorded assignment of lien from MERS, as nominee for Home 123, to Deutsche Bank, the

2

notice of trustee's sale as to the property, the appointment of substitute trustee, and a letter dated July 15, 2011, addressed to third parties that referenced the chapter 11 bankruptcy of Home 123.

MERS filed a reply to Rady's objections. In the reply, MERS re-urged its grounds for summary judgment, noting that Rady failed to respond to its argument that he was not a party to the deed of trust and that it was undisputed that MERS did not foreclose on the property or own it. After a hearing, the trial court granted MERS's motion without stating the basis for its ruling and dismissed Rady's claims with prejudice. This appeal followed.

**ANALYSIS**

Rady's appellate issues challenge MERS's right to assign the note and lien on the property to Deutsche Bank and the trial court's grant of summary judgment without evidence of the note. He urges that MERS did not provide evidence that it was the holder of the note, such as by providing a copy of the note, and also attacks MERS's summary judgment evidence, particularly the affidavit of the contract manager who, according to Rady, "failed to meet evidentiary standards for authentication and the exceptions to hearsay."

We review a trial court's summary judgment rulings de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). To prevail on a traditional motion for summary judgment, the movant must show that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c). Here, the trial court did not state the basis for its summary judgment ruling. Thus, we must affirm "if any of the theories presented to the trial court and preserved for appellate review are meritorious." *Provident Life & Accident Ins. Co.*

*v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003); *see Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001) (same).

"A defendant is entitled to summary judgment if the summary judgment evidence establishes, as a matter of law, that at least one element of a plaintiff's cause of action cannot be established." *Maher v. Herrman*, 69 S.W.3d 332, 336 (Tex. App.—Fort Worth 2002, pet. denied); *see D. Houston, Inc. v. Love*, 92 S.W.3d 450, 454 (Tex. 2002) (explaining defendant movant's burden to be entitled to summary judgment). "Once the defendant produces sufficient evidence to establish the right to summary judgment, the plaintiff must present evidence sufficient to raise a fact issue." *Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995).

Among the grounds in its motion for summary judgment, MERS asserted that Rady was not entitled to the relief that he requested because he was not the owner of the property and lacked standing to challenge the validity of the deed of trust. *See Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 444 (Tex. 1993) (discussing requirements to confer standing); *El Paso Cmty. Partners v. B&G/Sunrise Joint Venture*, 24 S.W.3d 620, 624, 626 (Tex. App.—Austin 2000, no pet.) (requiring "personal stake in controversy" and "injury in fact" to confer standing and noting that "generally someone who is not a party to an agreement has no interest in the terms of that contract"); *see, e.g.*, *Ashby v. Wells Fargo Bank*, No. H-12-0803, 2012 U.S. Dist. LEXIS 69693, at *5 (S.D. Tex. May 18, 2012) (finding plaintiff who was not borrower or party to note or deed of trust lacked standing).[1] MERS presented evidence that conclusively established MERS's right to summary

---

[1] "Federal authority is persuasive here because a great amount of home-mortgage litigation in Texas is tried in federal courts, applying Texas foreclosure law." *Bierwirth v. BAC Home Loans Servicing, L.P.*, No. 03-11-00644-CV, 2012 Tex. App. LEXIS 7506, at *4 n.3 (Tex. App.—Austin

judgment on these grounds. Its evidence showed that a non-party, Deutsche Bank, owned the property and that Rady was not a party to the deed of trust.

Rady's evidence of the assignment of lien, the notice of the trustee's sale, and the appointment of substitute trustee does not conflict with MERS's evidence as to the foreclosure sale, the owner of the property after the sale, and the parties to the deed of trust. Thus, we conclude that he has not presented sufficient evidence to create a fact issue.**[2]** *See* Tex. R. Civ. P. 166a(c); *Centeq Realty*, 899 S.W.2d at 197. We must uphold the trial court's summary judgment on these grounds. *See Knott*, 128 S.W.3d at 216; *Francis*, 46 S.W.3d at 242.**[3]**

**CONCLUSION**

Because we conclude that the trial court did not err in granting summary judgment in favor of MERS and dismissing Rady's claims with prejudice, we affirm.

---

Aug. 30, 2012, no pet.) (mem. op.).

[2] For example, although he asserted in his original petition that the Greens assigned their interest in the property to him, he did not present evidence that would support an assignment and, even if he had, he asserted that the assignment occurred on June 11, 2011, several days after the foreclosure sale. At that point, the Greens did not own the property.

[3] To the extent Rady raises arguments that he did not raise in response to the summary judgment motion, we do not consider them on appeal. *See* Tex. R. Civ. P. 166a(c) ("Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal.").

_____

Melissa Goodwin, Justice

Before Chief Justice Jones, Justices Goodwin and Field

Affirmed

Filed:   June 24, 2014