

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-20-00124-CV

———————————————

GLENDA SAYLES, INDIVIDUALLY AND AS REPRESENTATIVE OF THE
ESTATE OF ROY BROADWELL, Appellant

V.

SENIOR CARE RESOURCES, INC. D/B/A SENIOR CARE HEALTH &
REHABILITATION-WICHITA FALLS, FOURSQUARE HEALTHCARE, LTD.;
FOURSQUARE SNF, INC.; NC RESOURCES, INC.; WICHITA NH REALTY,
LTD.; AND NTF REALTY, INC., Appellees

---

On Appeal from the 89th District Court
Wichita County, Texas
Trial Court No. 187,559-C

---

Before Bassel, Womack, and Wallach, JJ.
Memorandum Opinion by Justice Womack

# MEMORANDUM OPINION

## I. INTRODUCTION

This is a health care liability case arising from Roy Broadwell's (Broadwell) care by Appellee Senior Care Resources, Inc. d/b/a Senior Care Health & Rehabilitation-Wichita Falls (Senior Care). In two issues, Appellant Glenda Sayles, Individually and as Representative of the Estate of Roy Broadwell (Sayles), complains of the trial court's (1) denial of her motion for continuance of the summary judgment hearing and the trial, and (2) granting a no-evidence summary judgment in favor of Appellees Foursquare Healthcare, Ltd.; Foursquare SNF, Inc.; NC Resources, Inc.; Wichita NH Realty, Ltd.; and NTF Realty, Inc. (collectively, the Non-Operators). We will affirm.

## II. BACKGROUND

### A. Sayles files suit and serves discovery on Senior Care and later amends and adds the Non-Operators.

In December 2017, Sayles filed suit against Senior Care alleging that Broadwell had been transferred to Senior Care after being diagnosed with an acute kidney infection and prescribed ongoing antibiotic therapy. At the time of the transfer, Sayles contends that Broadwell "had a bump on his backside the size of a pimple." According to the pleadings, after approximately six weeks, Broadwell was sent to a different facility "to have his blood pressure and a wound checked." After several surgical debridements, Broadwell was placed on hospice care until his death on November 24, 2017. Sayles alleged that Senior Care "failed to properly monitor and

2

care for Mr. Broadwell and left him immobile in his bed, which ultimately led to his development of a pressure ulcer on his coccyx."

After being served with the original petition and request for disclosures in April 2018,[1] Senior Care filed its answer in May 2018.[2] Also in May, Sayles served written discovery in the form of interrogatories, request for admissions, and request for production on Senior Care. Senior Care responded to the request for disclosures in the same month, provided a link to its facility chart, and stated, "Pursuant to Tex. Civ. Prac. & Rem. Code Ann. § 74.351(s), 'all discovery . . . is stayed except for the acquisition by the claimant of information, including medical or hospital records or other documents or tangible things, related to the patient's health care.'" In June 2018, Senior Care supplemented its responses to the request for disclosures and responded to the interrogatories, request for admissions, and request for production. In response to an interrogatory requesting the identity of certain facility employees and/or staff members, Senior Care named the medical directors, administrator, director of nursing, assistant directors of nursing, and dietary manager and/or consultant dietician during the relevant time period.

---

[1]Citation was not issued until March 8, 2018.

[2]In its first amended answer filed on October 2, 2018, Senior Care stated that it was "incorrectly named" as Senior Care and should be named "Nocona Hospital District d/b/a Senior Care Health & Rehabilitation Center-Wichita Falls." Senior Care also filed special exceptions stating that it was "not properly named and thus had not been sued in its proper capacity." The trial court overruled the special exception.

In October 2018, Sayles filed her first amended petition, adding the five Non-Operators to the lawsuit. Other than adding their names and addresses for service of process, the amended petition made no specific factual allegations and stated no separate basis for liability against any of the Non-Operators.[3] NC Resources and Wichita NH Realty were served and answered in November 2018. Although the record reflects no service on NTF Realty, it also answered in November 2018. Foursquare Healthcare and Foursquare SNF[4] did not answer until August 2019.[5]

---

[3]In their brief, Appellees note that, "[f]or example, Appellant did not plead that the Non-Operator Defendants were vicariously liable, engaged in a joint enterprise or a conspiracy with Senior Care, or the like."

[4]According to its answer, Foursquare SNF was "incorrectly named as Foursquare JNF, Inc." in the amended pleadings.

[5]While Appellees state in their joint brief that the delay in answering by Foursquare Healthcare and Foursquare SNF was "[d]ue to an apparent oversight," we note that the returns of service on both of these parties showed only that "John E. Miller" was served with citation. While "John E. Miller" was alleged to be the registered agent of both Foursquare Healthcare and Foursquare SNF, neither return showed service on the entities themselves. *See Benefit Planners, L.L.P. v. RenCare, Ltd.*, 81 S.W.3d 855, 861 (Tex. App.—San Antonio 2002, pet. denied) (holding that "[b]ecause the return failed to recite that citation was delivered to Benefit Planners by serving its registered agent, the service of process was invalid"); *see also Barker CATV Constr., Inc. v. Ampro, Inc.*, 989 S.W.2d 789, 793 (Tex. App.—Houston [1st Dist.] 1999, no pet.) (holding that the return was fatally defective because it "does not state, as it must, that it was delivered to the defendant, Barker CATV Construction, Inc., through its registered agent James M. Barker").

**B. Sayles requests and is granted a scheduling order with a discovery cut-off and trial date.**

On February 20, 2019, Sayles filed her "Plaintiffs' Motion to Enter a Scheduling Order" in which she noted that counsel had failed to come to an agreement on a discovery control plan and, therefore, requested the trial court "to enter into the proposed scheduling order filed herewith or in the alternative set a trial date of December 9, 2019." The proposed scheduling order included a discovery cutoff of November 1, 2019, and a trial date of December 9, 2019. One day later and without making any changes, the trial court signed the order. Five days after the order was signed, Sayles's deposition was taken.

**C. Sayles serves Chapter 74 expert reports.**

Sayles served the first Chapter 74 expert report, which was only against Senior Care, on September 4, 2018, the 120th day after Senior Care's answer was filed. *See* Tex. Civ. Prac. & Rem. Code Ann. § 74.351(a) ("In a health care liability claim, a claimant shall, not later than the 120th day after the date each defendant's original answer is filed, serve on that party or the party's attorney one or more expert reports, with a curriculum vitae of each expert listed in the report for each physician or health care provider against whom a liability claim is asserted."). Senior Care did not file objections to this report. *See id.* ("Each defendant physician or health care provider whose conduct is implicated in a report must file and serve any objection to the sufficiency of the report not later than the later of the 21st day after the date the

5

report is served or the 21st day after the date the defendant's answer is filed, failing which all objections are waived.").

On March 4, 2019, Sayles served an amended Chapter 74 expert report addressing the Non-Operators, Senior Care, and Senior Care's staff. On March 20, Senior Care, NC Resources, Wichita NH Realty, and NTF Realty filed their objections to the amended expert report. Foursquare Healthcare and Foursquare SNF did not object to the amended report.[6] In their objections, the three objecting Non-Operators complained that the report failed to show that the expert was qualified to opine regarding the standard of care applicable to them. On March 28, 2019, Senior Care and the three objecting Non-Operators also filed their "Defendants' Motion to Dismiss for Failure to Comply with Tex. Civ. Prac. & Rem. Code § 74.351." The motion was overruled on June 11, 2019.

## D. The Non-Operators move for summary judgment, and Sayles moves for continuance.

On October 11, 2019, the Non-Operators moved for a no-evidence summary judgment. In the motion, they alleged that "[t]here is no evidence of any act of direct negligence" by any of them "with regard to the care and treatment provided to Roy

---

[6]According to Appellees' brief, due to Foursquare Healthcare's and Foursquare SNF's delay in answering the lawsuit, "[a]n expert report addressing [their] conduct had already been served at that point, and objections to the expert report had already been overruled."

Broadwell while he was a patient at [Senior Care]." In addition, the motion noted that Sayles

> has served multiple sets of written discovery requests but, as to movants, has only served a Request for Disclosure. And it is too late to serve further written discovery. Discovery closes in just three weeks from the date of filing of this Motion. *See Discovery Control Order, on file with the Court and incorporated herein the same as if fully set forth herein for all purposes.* Discovery will have already closed by the time this Motion is heard. *Id.* More than an adequate time for discovery has passed.

The hearing on the motion was set for November 25, 2019.

Sayles noticed the deposition of Senior Care and the Non-Operators' expert on November 6, 2019, for a deposition to occur on November 26, 2019. Sayles's counsel voluntarily withdrew the deposition notice on November 26, 2019. Also on November 6, 2019, Sayles served her first set of interrogatories and request for production to Foursquare JNF,[7] Foursquare Healthcare, NC Resources, NTF Realty, and Wichita Realty. According to Senior Care and the Non-Operators' counsel, this was the first discovery that was served on them since the discovery served on Senior Care as part of the original and first amended petition and the discovery served on Senior Care on May 22, 2018.

Sayles did not file a response to the motion for summary judgment. Instead, Sayles filed her verified motion for continuance. In the motion, Sayles asserted the following:

---

[7]*See* note 4, *supra.*

7

> [Sayles] seeks a continuance of the trial and the [Non-Operators'] no[-] evidence motion for summary judgment in this case for at least six months so that [Sayles] can actually conduct meaningful discovery. Here, several of the defendants have moved for a no-evidence motion for summary judgment, claiming incorrectly that adequate time for discovery has passed, when the discovery period has officially been open for less than six months.
>
> . . . .
>
> . . . [Sayles] has been unable to conduct meaningful discovery from the Defendants due to the automatic stays that arise each time the new defendants to the case have answered the suit.

Later the same day, Sayles's counsel filed an amended verification stating in part that Sayles

> has not conducted discovery on four of the five defendants. Additionally, [Sayles] needs to procure the deposition of the facilities nursing home administrator and/or the director of nursing. Discovery in this case beyond the scope of [Broadwell's] healthcare, has not been open for a period long enough for [Sayles] to engage in meaningful discovery. [Sayles] cannot obtain the discovery sought from any other source. [Sayles] has been unable to conduct discovery due to the limitations Chapter 74 places on parties to conduct [] discovery and a stay on all discovery, including depositions, except for the discovery related to [Broadwell's] healthcare.

In the motion, Sayles requested six months to conduct additional discovery, including "depos[ing] the nursing home administrator and [] the director of nursing," having her "motion to compel heard on matters already requested from" Senior Care, propounding discovery to the Non-Operators, and seeking "the time cards, staffing matrices and deposition of the [Senior Care and the Non-Operators'] Expert Witnesses."

The motion for continuance was heard on November 25, 2019, the date set to hear the motion for summary judgment. At the hearing, Sayles's counsel argued,

> If you count up the amount of time that discovery was open in this case from between the first expert report to the second expert report and even through the final answer of the last two outstanding Defendants, discovery was open for a combined total of 133 days. 76 days the first time from September to October and then 57 days from the date you issued your ruling, 6/11 to 8/7/2019, . . . .

The trial court denied Sayles's motion for continuance and granted the Non-Operators' motion for summary judgment.

### E. The case against Senior Care goes to trial, and a final take-nothing judgment is entered.

The jury trial against Senior Care started on December 11, 2019. The next day, the jury returned a unanimous verdict finding no negligence by Senior Care. The trial court entered a final take-nothing judgment the following month, and Sayles now appeals from the denial of her continuance motion and the granting of summary judgment in favor of the Non-Operators.

### III. DISCUSSION

On appeal, Sayles first complains that the trial court abused its discretion in denying her motion for continuance of both the summary judgment hearing and the trial. Senior Care and the Non-Operators respond that the denial of Sayles's motion for continuance was well within the trial court's discretion because Sayles failed to make the necessary showing to obtain a continuance, Sayles has not accurately calculated the time that was available for discovery, and Sayles's "own tactical

9

decisions" were the primary factors dictating the time that was available to her for discovery. Relying on the same arguments made in her first issue, Sayles complains in her second issue that the trial court erred in granting a no-evidence summary judgment in favor of the Non-Operators.

## A. We first set out the standards of review.

We review a trial court's ruling on a motion for continuance for an abuse of discretion. *See BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 800 (Tex. 2002). We do not substitute our judgment for the trial court's. *In re Nitla S.A. de C.V.*, 92 S.W.3d 419, 422 (Tex. 2002) (orig. proceeding). Instead, we must determine whether the trial court's discretion was so arbitrary and unreasonable that it amounts to a clear and prejudicial error of law. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 161 (Tex. 2004). The test is whether the trial court acted without reference to guiding rules or principles. *Cire v. Cummings*, 134 S.W.3d 835, 838–39 (Tex. 2004). A litigant who fails to diligently use the rules of civil procedure for discovery purposes is not entitled to a continuance. *State v. Wood Oil Distrib., Inc.*, 751 S.W.2d 863, 865 (Tex. 1988); *D.R. Horton-Tex., Ltd. v. Savannah Props. Assocs., L.P.*, 416 S.W.3d 217, 223 (Tex. App.—Fort Worth 2013, no pet.).

With regard to continuances of summary judgment motions, Texas Rule of Civil Procedure 166a(g) permits a trial court to deny a summary judgment motion or to grant a continuance to the party opposing summary judgment if that party files an affidavit setting forth the reasons the party cannot present the facts necessary to

respond to the motion. Tex. R. Civ. P. 166a(g); *Ford Motor Co. v. Castillo*, 279 S.W.3d 656, 662 (Tex. 2009). When a nonmovant "contends that it has not had an adequate opportunity for discovery before a summary judgment hearing, it must file either an affidavit explaining the need for further discovery or a verified motion for continuance." *Tenneco Inc. v. Enter. Prods. Co.*, 925 S.W.2d 640, 647 (Tex. 1996); *see* Tex. R. Civ. P. 166a(g), 251, 252.

With regard to no-evidence motions for summary judgment, after an adequate time for discovery, the party without the burden of proof may, without presenting evidence, move for summary judgment on the ground that no evidence supports an essential element of the nonmovant's claim or defense. Tex. R. Civ. P. 166a(i). The motion must specifically state the elements for which no evidence exists. *Id.*; *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). The trial court must grant the motion unless the nonmovant produces summary judgment evidence that raises a genuine, material fact issue. *See* Tex. R. Civ. P. 166a(i) and 1997 cmt.; *Hamilton v. Wilson*, 249 S.W.3d 425, 426 (Tex. 2008) (per curiam).

When reviewing a no-evidence summary judgment, we examine the entire record in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion. *Sudan v. Sudan*, 199 S.W.3d 291, 292 (Tex. 2006) (per curiam). We review a no-evidence summary judgment for evidence that would enable reasonable and fair-minded jurors to differ in their conclusions. *Hamilton*, 249 S.W.3d at 426 (citing *City of Keller v. Wilson*, 168 S.W.3d

802, 822 (Tex. 2005)). We credit evidence favorable to the nonmovant if reasonable jurors could, and we disregard evidence contrary to the nonmovant unless reasonable jurors could not. *Timpte Indus.*, 286 S.W.3d at 310 (citing *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006)). If the nonmovant brings forward more than a scintilla of probative evidence that raises a genuine issue of material fact, then a no-evidence summary judgment is not proper. *Smith v. O'Donnell*, 288 S.W.3d 417, 424 (Tex. 2009); *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003).

## B. We next apply the law to the facts of this case.

### 1. Sayles's first issue complains of the trial court's denial of her motion for continuance of the summary judgment hearing and the trial.

Sayles first complains that the trial court abused its discretion by considering the arguments of Senior Care and the Non-Operators' counsel as evidence. In making this contention, Sayles relies on the following statement by the trial court at the summary judgment hearing: "The Court, after hearing argument of counsel and reviewing the proposed orders, rules as follows: The Court will grant the order denying [Sayles's] Motion for Continuance to Obtain Additional Discovery on Two Defendants, No-Evidence Motion for Summary Judgment and will sign same." Based on this statement by the trial court, Sayles argues that "the trial court's reliance on the arguments of Appellees' trial counsel as support for [the trial court's] denial of the continuance, when no contravening evidence was submitted, was in error."

While argument of counsel is not evidence, *Tex. Dep't of Pub. Safety v. Mendoza*, 952 S.W.2d 560, 564 (Tex. App.—San Antonio 1997, no writ), the statement by the trial court does not suggest that it relied on counsel's statements as evidence. Rather, it only shows that the court heard argument. *See Nguyen v. Short, How, Frels & Heitz, P.C.*, 108 S.W.3d 558, 561 (Tex. App.—Dallas 2003, pet. denied) (stating, in a case where the judgment indicated that the trial court heard argument of counsel, that a hearing on a motion for summary judgment is limited to a review of the written motion, response, and attached evidence). Nothing in the reporter's record indicates that the trial court did not properly limit its review to the motions before it.

Sayles next argues that the trial court erroneously disregarded the Texas Medical Liability Act's discovery prohibition when it denied the continuance. *See* Tex. Civ. Prac. & Rem. Code Ann. § 74.351(s). In making this argument, she relies on the provisions of the Act that limit discovery until expert reports are filed:

> Until a claimant has served the expert report and curriculum vitae as required by Subsection (a), all discovery in a health care liability claim is stayed except for the acquisition by the claimant of information, including medical or hospital records or other documents or tangible things, related to the patient's health care through:
>
> (1) written discovery as defined in Rule 192.7, Texas Rules of Civil Procedure;
>
> (2) depositions on written questions under Rule 200, Texas Rules of Civil Procedure; and
>
> (3) discovery from nonparties under Rule 205, Texas Rules of Civil Procedure.

*Id.*

Because of this discovery prohibition, Sayles contends that "Appellees' objections clearly frustrated the purpose of the docket control order; it reduced the amount of fact discovery that could be obtained prior to the expert discovery deadline from 144 days (February 21, 2019–July 15, 2019) to 34 days (34 days from June 11 through July 15, 2019)." Senior Care and the Non-Operators respond that Sayles's analysis of the amount of time she had for discovery is erroneous. They note the following:

- While Sayles sued Senior Care in December 2017, citation was not issued until March 8, 2018, and Senior Care was not served until April 10, 2018.

- Sayles served her initial expert report on Senior Care on September 4, 2018, the last day she could do so; Senior Care did not object to the report; therefore, any discovery stay ended this day.

- Sayles propounded discovery to Senior Care in violation of the discovery stay, and Senior Care responded to the discovery, making objections and providing substantive responses, including identifying the facility administrator, director of nursing, assistant director of nursing, and dietary manager during the relevant time period.

- Even under Sayles's timeline, no discovery stay resumed until November 19, 2019, when NC Resources, Wichita NH Realty, and NTF Realty answered the lawsuit; prior to the answers being filed, no discovery occurred.

- After NC Resources, Wichita NH Realty, and NTF Realty answered, Sayles waited the full 120 days before filing an amended expert report, which contained a single paragraph addressing the Non-Operators.

- NC Resources, Wichita NH Realty, and NTF Realty filed objections to the amended report and moved to dismiss, but the trial court denied the motion on June 11, 2019, and any discovery stay ended at that time.

14

- No discovery occurred for the next fifty-seven days, when Foursquare Healthcare and Foursquare SNF answered on August 7, 2019.

- Foursquare Healthcare's and Foursquare SNF's objections to the amended report were due August 28, 2019, *see* Tex. Civ. Prac. & Rem. Code Ann. § 74.351(a), (s), but no objections were filed.

- Because a report implicating the conduct of Foursquare Healthcare and Foursquare SNF was served on their counsel prior to the date they answered and because they did not object, no additional discovery stay came into effect after the stay ended on June 11, 2019.

- Therefore, in addition to the seventy-six days from September 4, 2018 to November 19, 2018, Sayles had time to conduct discovery from June 11, 2019 to November 1, 2019, when discovery ended pursuant to the trial court's docket control order.

We agree with Senior Care and the Non-Operators. In determining whether to grant a continuance, the trial court must consider the procedural history and record of the case, not just the sworn motions. *Elberger v. Dub Miller Ford*, No. 01-06-00926-CV, 2007 WL 3293725, at *3 (Tex. App.—Houston [1st Dist.] Nov. 8, 2007, no pet.) (mem. op.). After doing so, we do not agree that the procedural stays required by Texas Civil Practice & Remedies Code Ann. Section 74.351(s) prevented Sayles from having adequate time to conduct discovery. Rather, while there were some stays, there was still ample time to engage in discovery.

Sayles goes on to argue that continuances from summary judgment hearings "need not be founded on the same level of evidence as that required by a trial

15

continuance." *Compare* Tex. R. Civ. P. 166a(g), *with* Tex. R. Civ. P. 252. Rule 166a(g)

provides,

> Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Tex. R. Civ. P. 166a(g).[8] Rule 252 states in part,

> If the ground of such application be the want of testimony, the party applying therefor shall make affidavit that such testimony is material, showing the materiality thereof, and that he has used due diligence to procure such testimony, stating such diligence, and the cause of failure, if known; that such testimony cannot be procured from any other source; and, if it be for the absence of a witness, he shall state the name and residence of the witness, and what he expects to prove by him; and also state that the continuance is not sought for delay only, but that justice may be done; provided that, on a first application for a continuance, it shall not be necessary to show that the absent testimony cannot be procured from any other source.

Tex. R. Civ. P. 252.

We have previously addressed the interplay between Rules 166a(g) and 252. In

*Tri-Steel Structures, Inc. v. Baptist Foundation of Texas*, we stated,

> If the "opportunity" is needed to take depositions, that is, for "want of testimony," the rule is silent as to whether a continuance motion must meet the requirements of Rule 252. Tex. R. Civ. P. 252. No case law appears to have addressed this specific issue. We hold that if additional evidence is requested to be submitted through the initiation of discovery for "want of testimony," (1) the summary judgment hearing must be continued to allow the new evidence to be presented to the court, and

---

[8]Rule 166a(i) also indirectly addresses continuances by use of the words "[a]fter adequate time for discovery." Tex. R. Civ. P. 166a(i).

(2) a motion for continuance consistent with Rule 252 is required. *Id.* Otherwise, summary judgment affidavits would be replete with hearsay, with little impetus to obtain proper discovery before the hearing to avoid hearsay rulings.

166 S.W.3d 443, 448 (Tex. App.—Fort Worth 2005, pet. denied). A motion for continuance of a summary judgment hearing is subject to the same rules applicable to a trial continuance. *See D.R. Horton-Tex., Ltd.*, 416 S.W.3d at 222–23.

A motion for continuance asking to continue a summary judgment hearing or a trial to allow more time for discovery must be supported by an affidavit describing the evidence sought, explaining its materiality, and showing that the party requesting the continuance has used due diligence to obtain the evidence. Tex. R. Civ. P. 251, 252; *Gadberry Constr. Co., Inc. v. Raney*, No. 02-18-00263-CV, 2019 WL 3244519, at *3 (Tex. App.—Fort Worth Jul. 18, 2019, no pet.) (mem. op.); *see also Tenneco Inc.*, 925 S.W.2d at 647 ("When a party contends that it has not had an adequate opportunity for discovery before a summary judgment hearing, it must file either an affidavit explaining the need for further discovery or a verified motion for continuance."). The failure of a litigant to diligently utilize the Rules of Civil Procedure for discovery purposes will not authorize the granting of a continuance. *Wood Oil Distrib., Inc.*, 751 S.W.2d at 865.

In deciding whether the trial court permitted an adequate time for discovery under Rule 166a(i), we consider the following factors: (1) the nature of the case, (2) the nature of the evidence necessary to controvert the no-evidence motion, (3) the

length of time the case was active, (4) the amount of time the no-evidence motion was on file, (5) whether the movant had requested stricter deadlines for discovery, (6) the amount of discovery that already had taken place, and (7) whether the discovery deadlines in place were specific or vague. *McInnis v. Mallia*, 261 S.W.3d 197, 201 (Tex. App.—Houston [14th Dist.] 2008, no pet.). Ordinarily, a no-evidence summary judgment motion is not permitted before the expiration of the discovery period set by the pre-trial order. *Id.* at 200. And a discovery period set in a docket control order is "a strong indicator of adequate time" for discovery. *Id.* at 203. The pertinent date for determining whether the trial court permitted adequate time is the final date on which the no-evidence motion is presented to the trial court for ruling. *Id.* at 200.

Here, by the summary judgment submission date of November 25, 2019, the following had occurred or was about to occur:

- the case had been pending for twenty-three months;

- the Non-Operators had been parties for thirteen months;

- the discovery deadline in the scheduling order that was *proposed by Sayles* had passed twenty-four days earlier;

- the motion for summary judgment had been on file for forty-five days; and

- the trial date in the scheduling order that was *proposed by Sayles* was fourteen days away.

Nevertheless, Sayles contends that, due to the failure of Senior Care to controvert the motion for continuance, which was otherwise in substantial

18

compliance and verified, the reviewing court must accept the statements in the motion as true. And, she contends, this is especially true in a first motion for continuance. However, there is nothing in the continuance rules requiring the granting of a first motion merely because it is in statutory form and is not controverted by affidavit of the opposite party. *Fritsch v. J.M. English Truck Line*, 246 S.W.2d 856, 858 (Tex. 1952). Moreover, a trial court is not required to grant a motion for continuance "when the allegations in the motion examined in the light of the record show beyond a cavil a complete lack of diligence as measured by other rules regulating procedure in the trial of cases." *Id.*

In addition, Sayles's motion was not in substantial compliance with the rules. It did not attempt to state or show the materiality of any testimony sought, nor did it allege any facts to show that Sayles used due diligence to procure such testimony. *See* Tex. R. Civ. P. 252; *see also Primdahl v. Keller Ladders, Inc.*, No. 05-00-00618-CV, 2001 WL 727325, at *2 (Tex. App.—Dallas June 29, 2001, no pet.) (not designated for publication) (holding that the trial court did not abuse its discretion in denying the motion for continuance that was not in substantial compliance with Rule 252). It is axiomatic that the appellant must show that she has used due diligence and must state with particularity such diligence used and the cause of the failure to produce a witness. *Gregg v. Cecil*, 844 S.W.2d 851, 853 (Tex. App.—Beaumont 1992, no writ).

While Sayles asserted in her amended verification to the continuance motion that she needed a continuance to procure the depositions of Senior Care's nursing-

19

home administrator or director of nursing, Senior Care had provided the identities of these individuals in its June 21, 2018 response to discovery. Despite this earlier knowledge, the record reflects Sayles made no attempt to depose these individuals.

Sayles's amended verification also included the conclusory statements that discovery "has not been open for a period long enough . . . to engage in meaningful discovery," that Sayles "cannot obtain the discovery sought from any other source," and that Sayles "has been unable to conduct discovery due to the limitations Chapter 74 places on parties." An affidavit seeking a continuance of a summary judgment hearing must show why the continuance is necessary; conclusory allegations are not sufficient. *Carter v. MacFadyen*, 93 S.W.3d 307, 310 (Tex. App.—Houston [14th Dist.] 2002, pet. denied).

Considering the entire procedural history and record of the case, we conclude that Sayles failed to diligently seek discovery. Prior to the summary judgment hearing, Sayles had served the following discovery on Senior Care: (1) a request for disclosure (with the original and amended petition); (2) the first set of interrogatories, a request for admissions, and a request for production; and (3) a second request for production. Senior Care timely served objections and responses to each. According to Senior Care and the Non-Operators' counsel, other than this discovery, Sayles never served any other written discovery on Senior Care or Non-Operators until November 6, 2019. On that day, Sayles noticed the deposition of Senior Care and the Non-Operators' expert and served written discovery on the Non-Operators. Sayles later

20

withdrew the deposition notice. Sayles fails to show why she did not pursue discovery in the time periods when the stay was not in effect. *See Clark v. Compass Bank*, No. 02-07-00050-CV, 2008 WL 2168292, at *3 (Tex. App.—Fort Worth May 22, 2008, no pet.) (mem. op.) (holding that the failure of a litigant to diligently use the rules of civil procedure for discovery purposes will not authorize the granting of a continuance).

Finally, we note that both the discovery deadline and the trial date set out in the discovery control order were dates selected by Sayles. *See Tittizer v. Union Gas Corp.*, 171 S.W.3d 857, 862 (Tex. 2005) (stating that "a party cannot complain on appeal that the trial court took a specific action that the complaining party requested"); *see also Fields v. Houston Indep. Sch. Dist.*, No. 14-19-00010-CV, 2020 WL 6073758, at *8 (Tex. App.—Houston [14th Dist.] Oct. 15, 2020, no pet. h.) (mem. op.) (holding that the appellant cannot complain on appeal when the trial court granted appellant's request for the trial court to "enter a new Docket Control Order extending all deadlines by at least 90 days" but did not ask for extension of approaching hearings). On February 20, 2019, when Sayles requested a trial date and a discovery control cutoff date, she was in the best position to know what, if any, discovery was still needed in order to proceed to trial. Despite this knowledge, she chose the deadlines and dates for the trial court to enter.

Considering the entire record, including the length of time the case had been on file, Sayles's agreement to the docket control order and discovery deadline, and her failure to diligently conduct discovery under the rules, we cannot say that the trial

21

court abused its discretion by denying the motion to continue the summary judgment hearing and the trial. *See Haven Chapel United Methodist Church v. Leebron*, 496 S.W.3d 893, 902 (Tex. App.—Houston [14th Dist.] 2016, no pet.). Accordingly, we overrule Sayles's first issue.

## 2. Sayles's second issue complains of the trial court's granting of the no-evidence motion for summary judgment.

In Sayles's second issue complaining of the trial court's error in granting the Non-Operators' no-evidence motion for summary judgment, Sayles makes no substantive arguments, again argues that the trial court erred in denying her motion for continuance of the summary judgment hearing, and "incorporates all arguments made in support of diligence and materiality" in the earlier section of her brief. Because we have already addressed all of these arguments, we overrule Sayles's second issue.

## IV. CONCLUSION

Having overruled both of Sayles's issues, we affirm the trial court's judgment.

/s/ Dana Womack

Dana Womack
Justice

Delivered: January 7, 2021